## DACEY v. TRUST FUNDS, Inc.
### Civ. A. No. 4952.

District Court, D. Massachusetts.
June 20, 1946.

Richard Maguire, of Boston, Mass., for plaintiff.

Thomas H. Ray and William Shaw McCallum, both of Boston, Mass., for defendant.

SWEENEY, District Judge.

The plaintiff brings this action seeking a declaratory judgment to the effect that the defendant must employ him for the balance of the unexpired term of a five-year contract, or that, under the Selective Training and Service Act, 50 U.S.C.A.Appendix, § 301 et seq., it must return him to the same position which he had prior to his entry into the service.

### Findings of Fact

In 1938 the plaintiff, together with D. A. Griffith and H. B. Paquet, formed "Trust

322

Funds, Inc." This was later changed to "Trusteed Funds, Inc.", but to all intents and purposes it is the same corporation. The business of the defendant was the sale of securities to "persons who might otherwise not have become investors". In order to insure the continuation of the corporation at the outset, and to provide a fund to guarantee the carrying on of the business until such time as full commissions could be paid, a fund known as the "X Fund" was created into which earned commissions were pooled, and only a portion of which were drawn at a time. At the time of this plaintiff's entry into the service, 25% of the X Fund was being drawn by the three named persons: Griffith drawing 11%, and Paquet and the plaintiff each 7%.

His principal work was selling, and recruiting and training salesmen. At the time of his entry into the service, he was under a five-year written contract with the defendant, and there was one year and three months yet to run. He was also a director and vice president of the defendant corporation.

The defendant says that it is not bound to employ this plaintiff for two reasons: first, that the contract period for which it hired him (the five years from 1938) has expired, the contract has ended, and it had never promised to provide him with a job beyond that period, that in fact it had intended to terminate his employement after the contract period had expired; the second contention is that it has made commitments to other people by contract, and that such commitments bar the return of the plaintiff to the employ of the defendant because there is no further need for his services.

I am not persuaded that either of these contentions has much merit. The defense that this man was employed under a limited five-year contract is no defense at all for every employer-employee relationship is based upon a contract, either oral or written, and Congress made no differentiation between a contract of employment with a definite termination date and one with an indefinite termination date. It provided for a resumption of all employment interrupted by training and service.

It is the employment status which is restored, not the contract rights. The second contention, that commitments have been made which preclude plaintiff's reinstatement, has no legal justification. So far as I can see, the principal commitment referred to is that one Tibert has been hired and placed, by contract, in the same position which Dacey held before he went into the service. The contracting officers of the corporation knew, at the time they entered into a contract with Tibert, that they were bound to return Dacey to his position when he returned from the service. The fact that they neglected to provide for that contingency in their contract with Tibert might mean one of two things: that they had overlooked it, or it might mean that they had done it intentionally. There were evidently bad feelings between Griffith and the plaintiff at the time he went into the service. This is no defense to the plaintiff's claim.

In pressing his claim for the balance of the unexpired portion of his contract, plaintiff asserts that, because of his entry into the military service, the contract was impossible of performance at that time and that the war served to temporarily interrupt his contractual obligation. He further asserts that, since the defendant has not been harmed by his failure to perform his contract at the time, it is in no position to protest against the resumption of the contractual relations. There might be some basis for the plaintiff's contention if he had been drafted into the military service, but the fact is that he left his employment to enlist. We must treat it as a voluntary surrender of his contractual rights and one which cannot now be resumed. Insofar as the contract itself is concerned, it has terminated either through the action of the parties or by its own time limitation. Plaintiff's claim, therefore, for a declaratory judgment based on the contract itself, must be denied.

With regard to the plaintiff's second claim, which is for the same position which he held with this defendant before he went into the service, I think his claim on this score must be sustained. He clearly left his position to enter the military

service, he seasonably made application for his position, he has a certificate of service and training with the armed forces, and he is qualified to resume the position which he seeks. Section 308(a) and (b) of the Selective Training and Service Act fully covers his case. He must be returned to the same type of employment which he had with the defendant. The contract which was in existence on the day he went into the military service will serve as a guide to the position to which he must be returned. His right to be a director or a vice president of the defendant corporation is not one which this Court has the power to decree for that is something which is entirely in the hands of the stockholders.

I appreciate that, during the plaintiff's absence in the military service, the defendant corporation has made great forward strides and that its earnings are now much more than they were at the time of the plaintiff's entry into the service. It is fortunate that when the plaintiff went into the service, his contract was identical with that of another employee of the corporation who has not gone into the military service. His right to participate in the X Fund since he was discharged from the service can be measured by the degree of participation which is allowed the fellow employee Paquet, whose percentage of withdrawal from the X Fund was the same as this plaintiff's at the time he went into the service.

The plaintiff has not delayed in seeking his rights and I therefore hold that he is entitled to damages from the day he applied for his position with the defendant corporation, on January 29, 1946, the day after his discharge. The plaintiff is entitled to recover from the defendant the same amount of money which has been paid to Paquet between January 29, 1946, and the day when plaintiff is returned to his old position. If the parties cannot agree on this amount, upon application I will take further evidence to determine it.

### Conclusions of Law

From the foregoing I conclude and rule that the plaintiff is entitled to reinstatement in the position which he left to enter service and training, and is entitled to ad interim damages from the date of his discharge to the date of his reinstatement, in accordance with the formula outlined above.

A judgment may be prepared in accordance therewith.