### FLYNN et al. v. WARD LEONARD ELECTRIC CO.

United States District Court
S. D. New York.
June 13, 1949.

---

[8] Code of Procedure for Handling Trade Practice Complaints of National Association of Securities Dealers, Inc., Sec. 23.

400

DeForest & Elder, New York City, for plaintiff.

McLanahan, Merritt & Ingraham, New York City, for defendant.

RIFKIND, District Judge.

Defendant moves to dismiss the complaint for lack of jurisdiction and failure to state a claim upon which relief may be granted. In support of its latter motion it also assigns laches.

Plaintiff employees sue defendant employer for the amount of a retroactive wage increase granted employees by agreement between the union and the defendant pursuant to a directive of the National War Labor Board. The agreement stated: "Eligibility for participation pursuant to this agreement is hereby limited to those employees in the employ of the Company on October 10, 1943." Plaintiffs allege that they had theretofore been employees of the company, that between November 3, 1942, and October 10, 1943, they had entered the Armed Forces and were members of the Armed Forces on October 10, 1943, and that subsequently and within 90 days of their discharge they had been reemployed by the defendant. Plaintiffs ground their claim on 50 U.S.C.A.Appendix, § 308; see also 50 U.S.C.A.Appendix, §§ 357, 403. Jurisdiction is based on 50 U.S.C.A.Appendix, § 308(e); see also 50 U.S.C.A.Appendix, § 403(e).

■ First, defendant argues that the complaint does not allege that an amount in excess of $3000 is in controversy, which is a necessary jurisdictional allegation in a suit which "arises under the Constitution, laws or treaties of the United States." 28 U.S.C.A. § 1331. However inartistically the complaint may assert it, this is clearly a suit to enforce rights under a special statute containing its own jurisdictional provision, 50 U.S.C.A.Appendix, § 308(e), which prescribes no specific amount in controversy.

■ Next, defendant asserts that under that special grant of jurisdiction an action cannot be brought for money alone. Only as an incident to equitable relief such as reinstatement may a claim be made for compensation for loss of wages or benefits. The Court of Appeals has disposed of this contention. See Feore v. North Shore Bus Co., Inc., 2 Cir., 1947, 161 F.2d 552, 553.

The pertinent statute provides:

"Any person who is restored to a position * * * shall be considered as having been on furlough or leave of absence during his period of training and service in the land or naval forces, shall be so restored without loss of seniority, shall be entitled to

participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces, * * *". 50 U.S.C.A.Appendix, § 308 (c).

Defendant argues that back pay for work done prior to entry into the Armed Forces is not comprehended within the term "other benefits," which, it asserts, denotes only prospective benefits, like seniority, and does not encompass retroactive benefits. I am unable to perceive any basis whatever for such a distinction.

"The Act was designed to protect the veteran in several ways. He who was called to the colors was not to be penalized on his return by reason of his absence from his civilian job." See Fishgold v. Sullivan Drydock & Repair Corp., 1946, 328 U.S. 275, 284, 66 S.Ct. 1105, 1110, 90 L. Ed. 1230, 167 A.L.R. 110.

Plaintiffs would certainly be penalized if they were denied equal pay for equal work done, merely because they were in the Armed Forces on October 10, 1943.

■ Defendant argues that the complaint is jurisdictionally defective because it fails to allege that the retroactive wage payment was due "pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted," citing Dwyer v. Crosby Co., 2 Cir., 1948, 167 F.2d 567, 569. That case involved vacation pay which a collective bargaining agreement provided should be given to "each employee who prior to July 1, 1946, has been in the employ of the company for at least twenty-six (26) weeks." There was no intimation, the court said, that the twenty-six week period was intended to include time during which an employee was on leave of absence, and that an intention to give vacation pay to a man on leave would be highly improbable. Here involved is not vacation pay, but pay for work actually done, to be given to all persons who were employees on October 10, 1943. It would probably have been unlawful to attempt to contract

that plaintiffs, then serving in the Armed Forces, were not employees on that date, Dwyer v. Crosby Co., supra, 167 F.2d at page 569, and it would be a patent discrimination not to give the retroactive wage increase to reemployed veterans. Such discrimination, if intended by the contract, might be void. Cf. Armstrong v. Tennessee Coal, Iron & R. Co., D.C.N.D. Ala.1947, 73 F.Supp. 329.

■ Defendant contends that the final clause of § 308(c) limiting the rights conferred to a period "within one year after such restoration," operates to bar plaintiffs' claims, because their suits were not brought within one year. It relies on Trailmobile Co. v. Whirls, 1947, 331 U.S. 40, 67 S.Ct. 982, 91 L.Ed. 1328. That case, however, has no application to a claim for wages for work actually done for the employer. The case does not even relate to the time of bringing suit, but to duration of seniority rights conferred by the statute, and cannot be construed as establishing a one year statute of limitations in all cases.

Because in special statutory suits such as this the questions whether a claim has been stated and whether jurisdiction exists are almost the same, there being no jurisdiction unless a claim has been stated, the defendant's arguments already discussed were made in support of both grounds for dismissal. Laches, which is defendant's last ground for its motion, involves not jurisdiction but only failure to state a claim upon which relief may be granted. It seems clear, however, that summary decision on this issue is not warranted.

While it is true that these plaintiffs waited from two to more than three years after their respective discharges from the Armed Forces to bring suit on their claims, they assert by affidavits that the union agreement under which the wage increase was paid was not made until June 2, 1945, that the plaintiffs complained to the employer and union immediately they failed to receive the increase, that the union continued to handle the matter thereafter and arranged a conference with Selective Service officials in May, 1946, at which several of the plaintiffs attended, that the plaintiffs continued to press the union for action, that a representative action was begun

402

by the union in March, 1947, that the union failed to prosecute that action diligently, and that this suit was begun in June of 1948, at which time the representative action was discontinued. Defendant has thus far shown no prejudice by reason of the lapse of time. Defendant has not claimed change of position and it appears that the claims have been continuously urged since 1945. Laches being a defense which may be asserted by answer, and insufficient cause having so far been shown on the face of the complaint or outside the complaint for summary dismissal, that ground of defendant's motion is denied without prejudice to defendant's pleading laches as an affirmative defense in its answer.

The defendant's motion to dismiss as to plaintiff Bailey is not opposed, and is hereby granted.

The facts as to the re-employment status of plaintiff Real are insufficiently clear to justify summary decision. Therefore, the motion to dismiss the complaint as to Real is denied without prejudice to renewal by a motion for summary judgment on fuller proof.

All other motions of defendant are denied.