Karl GREEN, Plaintiff-Appellant,

v.

THO–RO PRODUCTS, Inc., a Corporation of New Jersey, Defendant-Appellee.

No. 11712.

United States Court of Appeals Third Circuit.

Argued Feb. 7, 1956.

Decided April 13, 1956.

Adrian M. Unger, Newark, N. J. (Milton M. and Adrian M. Unger, Newark, N. J., Jack J. Stecher, on the brief), for appellant.

Max L. Rosenstein, Newark, N. J., for appellee.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

McLAUGHLIN, Circuit Judge.

In this veteran's reemployment suit, under 50 U.S.C.A. Appendix § 459, there was a judgment in favor of defendant employer and plaintiff appeals.

The complaint in the cause alleges that plaintiff-appellant on the date of his induction into the military service of the United States was bookkeeper and office manager of defendant-appellee. It states that after plaintiff's release from such service he "[a]pplied for reinstatement and restoration to his position aforesaid * * * [and that he] * * * is still capable of performing and qualified to perform the duties of said position." Restoration to the same or like position was specifically sought. The answer, admitting plaintiff had been employed by defendant, denied that he had been bookkeeper or office manager; it denied that plaintiff was still qualified to perform the duties he performed prior to leaving for service; it alleged disloyalty of plaintiff to defendant, naming various incidents, and that by reason thereof he could not rightly perform his former duties; it stated that the position plaintiff had held had been properly eliminated; the claim was made that plaintiff had made no effort to mitigate his damages and finally the allegation was made that he had maliciously interfered with the conduct of defendant's business to injure and defeat it.

There is testimony that appellant, then twenty-one years old, had started with appellee, a manufacturer of buttons, as a clerk in April, 1949. There were two factions in the company. He, through alliance with one of them and over the objection of the president, was successful in having his salary increased without significant increase in his function or responsibility until at the time he left he was receiving one hundred dollars a week. His duties were testified to as unimportant. He passed on directions from management to operators in the plant, made some routine record entries and performed other odd jobs.

There is testimony that he interfered with the employer's button sorters and urged them to pass defective buttons as first class products. There is testimony that he, while on furlough from the army, attempted to induce one of the defendant's employees to work for him after his discharge.

Appellee's business was conducted under a voting trust. Appellant, with the group to which he was aligned, sued to invalidate this and later the action was broadened to include a stockholders derivative suit. There is evidence that he

threatened Irving Thor, a stockholder, director and secretary of defendant that unless he joined in that litigation with plaintiff, the latter and his people would ruin the defendant corporation.

The trial judge found as facts that the employer, Tho-Ro Products, Inc., was engaged in the manufacture of buttons out of synthetic materials produced principally through the use of formulae delivered to the corporation by Irving Thor; that plaintiff was neither a bookkeeper nor office manager of the concern; that he interfered with and annoyed fellow employees of defendant by urging them to pass defective buttons as first class products, by creating general discord and, while in the army, by attempting to solicit an employee to work for him at a later date; that though plaintiff was increased from $27.47 a week to $100.00 a week, "There was no increase in the value of plaintiff's services or work"; that he sought to have Thor join in litigation against the company and its president and threatened to wreck the company if he refused; that the said litigation is still pending; that "The reemployment of plaintiff by defendant would cause both dissatisfaction to employees and disruption to the company because of plaintiff's attitude. The plaintiff is temperamentally unqualified to be in the employ of defendant"; that defendant refused to reemploy him because he was not qualified; that "The positions of bookkeeper and office manager, or similar positions, require mental and temperamental elements consistent with harmonious relations and mutual trust and confidence on the part of the several persons in charge of the business of the corporation. Such elements would be totally lacking were the plaintiff to be re-employed. It would be unreasonable for the defendant corporation to be asked to reemploy or restore the plaintiff to his former position, a condition brought about by plaintiff's own activities of inspiring disaffection and interfering with the business of the corporation."

The court's conclusions of law were: "Plaintiff has failed to establish that he was a bookkeeper or office manager, or that he held a position of like seniority, status, and pay, prior to his entry into the military forces of the United States. Plaintiff is not 'still qualified' for reemployment within the purview of 50 U.S. C.A. App. § 459(b) (B) (i). Plaintiff is not entitled to the relief sought."

Appellant attacks the findings of fact not on the basis of lack of evidential support for them in the record but because he disagrees with the district judge as to the credibility of that evidence. Our own examination of the record discloses that the findings are thoroughly documented by substantial believable evidence.

Legally, the conclusions of the district court are in accord with the statute and the views of the decided cases. What would seem to have been the objective of appellant's tactics, certainly their net effect was, as the district court found, "[d]isruptive of the company's best interests and destructive of the harmonious relations that should exist among the members of the company's staff and among the employees." We are not here dealing with a situation where Green's reemployment is merely something distasteful to some of the officers of the employer as appellant suggests. This is not a family quarrel or an ordinary stockholders' control dispute. The evidence points to "active and gross provocation and wrongdoing" as the phrase is used by appellant to describe the circumstances in McClayton v. W. B. Cassell Co., D.C.Md.1946, 66 F.Supp. 165, a leading opinion on this particular point and one in which the facts bear close resemblance to the case at bar. There it was also a problem of business disloyalty and Judge Chesnut found at page 170: "[t]hat the natural tendency and the intended effect of McClayton's activities while an officer of the corporation were highly prejudicial and disloyal to it and constituted just and adequate reason for the removal of McClayton as an officer of the corporation." In Trusteed Funds v. Dacey, 1 Cir., 1947, 160 F.2d 413, the employee had threatened to rule or ruin the com-

pany and had intrigued to disorganize it. In reversing the district court, the court held that "qualified" under the Act means more than simply physically and mentally qualified. It agreed with the McClayton decision, 160 F.2d at page 421, that the "position of a managerial officer of a corporation requires mental and temperamental elements consistent with harmonious relations and mutual trust and confidence on the part of the several managers who must work together." On remand, the district court in Dacey v. Trust Funds, Inc., D.C.Mass. 1947, 72 F.Supp. 611, 613, quoting the above language held: "Viewing Dacey's conduct after his return from the service[1] in the light of this conclusion, this Court is compelled to find that it would be unreasonable to require the defendant to reinstate the plaintiff in his former position." See also Gallant v. Segal, D.C.N.H.1947, 74 F.Supp. 78. Cf. Gottschalk v. Railway Express Agency, Inc., 3 Cir., 1948, 166 F.2d 1004. Our decision in Van Doren v. Van Doren Laundry Service, Inc., 3 Cir., 1947, 162 F.2d 1007, is manifestly distinguishable. Van Doren was willing to work for a hostile management. He voluntarily conveyed his stock to a voting trust while he was in service. He postponed assertion of his reemployment right at the request of the company. The latter's main defense to the claim was that he was not "still qualified" because he was suffering

1. In his brief, appellant argues that "Events occurring after induction into military service are immaterial" relying on Dacey v. Bethlehem Steel Co., D.C. Mass.1946, 66 F.Supp. 161, and Anderson v. Schouweiler, D.C.Idaho 1945, 63 F. Supp. 802; Dacey v. Bethlehem Steel Co., supra (not to be confused with Dacey v. Trust Funds, D.C.Mass.1946, 66 F.Supp. 321), involved a shipyard guard, who after induction into the Coast Guard was assigned essentially the same duties at the same shipyard for the Coast Guard as he had performed for the Bethlehem Steel Co. prior to his induction. Thereafter, there was a dispute with one of the lesser officials of the Bethlehem Steel Co. and Dacey was transferred by the Coast Guard. The district court there, rightly held that at the time of the dispute Dacey was not an employee of Bethlehem Steel Co. but was under the complete authority of the Coast Guard; that he had left the employ of an employer within the meaning of the Act on the earlier date when he was inducted; and that his actions during the course of his military service as a Coast Guard officer assigned to his former employer's shipyard could not operate as a waiver of his reemployment rights. He had received the commendations of the general manager of the shipyard after the difficulties with the lesser official and the Coast Guard had pronounced his activities in the service as satisfactory and the court relied on those facts in finding him "still qualified" under the Act.

In Anderson v. Schouweiler, supra, the district court admitted all of the evidence; treated it as competent on the "still qualified" question and determined on that evidence that the petitioner there was "still qualified".

In the second Dacey case, Dacey v. Trust Funds, D.C.Mass.1946, 66 F.Supp. 321, which was reversed by the First Circuit, 1947, 160 F.2d 413, the district court had excluded evidence of the petitioner's activities prior to the entry into the service. The Court of Appeals in reversing and remanding ordered that the proffered evidence be received for whatever probative value it might have on the "still qualified" question after the veteran's return from service. It said as to this at page 421:

"The proffered evidence above referred to should have been received. To let it in would not 'allow every employer to be a judge of whether a man is qualified for a job or not on the basis of their past experience with him'. If it had been received, the trial judge would have given it such weight as it deserved, and on the basis of all the evidence would have made the determination whether Dacey was presently qualified."

The statute invokes the equitable jurisdiction of the district court, To eliminate events occurring after entry into service as immaterial would render nugatory any limitation on reemployment rights. The language of the Act does not permit that construction. It is clear that the returning employee may not be "still qualified" for some event occurring during his military service and equally clear that the employer may have experienced such a change in circumstances while the ex-employee was in service as to render reemployment unreasonable or impossible.

from epilepsy. As the opinion points out he had been a victim of the disease for many years prior to induction. Undoubtedly there was vigorous competition for control within that corporation, but no threats to "wreck and ruin" the business, no demoralizing practices by the employee. All Van Doren did was render loyal cooperative service. In return he received the shabbiest of treatment from his employer.

In the present issue Green has been found with cause to have inspired disaffection among the employees of the employer, to have interfered with its business, to be temperamentally unqualified to be in its employ. Those findings are justified by the evidence. They fully support the judgment of the district court which will be affirmed.