**Gary Lee GREATHOUSE, Plaintiff,**

v.

**The BABCOCK AND WILCOX COMPANY, Defendant.**

**Civ. A. No. C 73-645 Y.**

United States District Court,
N. D. Ohio, E. D.

June 6, 1974.

Paul Brickner, Asst. U.S. Atty., Cleveland, Ohio, for plaintiff.

William A. Ziegler, Jr., New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

CONTIE, District Judge.

This matter was tried before the Court on plaintiff's allegations that the defendant company violated his rights under Section 9 of the Military Selective Service Act of 1967 as amended, Title 50, U.S.C.App. § 459(c)(1) by dismissing him without cause within one year after his return from serving in the Armed Services. In his post trial brief, plaintiff urges the Court to exercise its prerogative under Rule 15(b) of the Federal Rules of Civil Procedure to deem the complaint amended to show a cause of action under Title 50, U.S.C. App. § 459(b)(2)(B)(i) for refusal to reemploy plaintiff after he had made timely application for reemployment.

The defendant asserts three affirmative defenses. One, plaintiff's action was not timely filed, thus barring plaintiff from any recovery. Two, plaintiff was not qualified for reemployment because he deliberately falsified his employment application and his pre-employment medical history form, knowing that any misrepresentations or omission on the medical form could be cause for dismissal, in order to induce the defendant company to hire him. Defendant asserts plaintiff had reason to believe that the company would not hire him if they knew the true facts as to his medical condition. Three, plaintiff was not qualified for reemployment because of a back injury which preexisted his employment with the defendant. Defendant asserts that plaintiff concealed this information from defendant, and

further asserts that said medical information was the basis of his discharge from the Army. It is the contention of defendant that plaintiff's condition could be aggravated by the type of work he did to the point of becoming incapacitated.

The defendant further contends that if the Court were to find that plaintiff had been reinstated and then discharged that the latter two defenses would also be just cause for discharge under Title 50, U.S.C.App. § 459(c)(1).

The main thrust of the evidence indicated that plaintiff was never reemployed by the defendant, and thus the Court shall allow amendment of the complaint to reflect a cause of action under Title 50, U.S.C.App. § 459(c)(1) for failure to reemploy so as to conform the pleadings with the evidence.

The following are the Court's findings of fact and conclusions of law, pursuant to Rule 52 of the Federal Rules of Civil Procedure.

1. The Court finds that plaintiff showed that he had been employed by the defendant prior to his induction into the Service, that he was given a valid certificate of completion of training and service as required by the statute, and that he made timely application for reemployment. The facts illustrate that plaintiff was refused reemployment by the defendant.

2. The Court finds that the defendant met the burden of proving that plaintiff was disqualified for the position he had at the time he applied for a job, said disqualification existing by reason of his falsified employment application and medical history. The proof indicated that plaintiff was unqualified for his position because of his potentially disabling preexisting back condition and continued to be unqualified for the job at the time he entered the service and at the time he applied for reemployment. The Court is further of the opinion that the falsification of the employment application and the medical form as to plaintiff's back condition would be just cause for dismissal within one year of plaintiff's return to his job from the Army, under 50 U.S.C.App. § 459(c)(1). Thus, had plaintiff been rehired, defendant would have had the right to release the plaintiff upon the discovery of the falsified Medical History Form.

3. Plaintiff injured his back in May 1968, while pushing a stalled automobile. (T.34).

4. Plaintiff was hospitalized for a period of fourteen days following this accident. He was placed in traction for what he was told was a "herniated disc" (T.35) or a "slipped disc". (T.48 f).

5. Plaintiff wore no back brace nor received any further therapy or treatment after his release from the hospital. (T.36).

6. Plaintiff has experienced no back pain; however, upon over-exertion he experiences pain which begins at the upper point of his left hip and radiates down to his left ankle. (T.36 ff, 47 ff). This he has been told is from a pinched nerve. (T.36 f, 58 ff).

7. Plaintiff sought employment several places but was refused any position when he informed them of his back problem. (T.42 ff).

8. Plaintiff did obtain employment at XX Century Furnace Company by signing a waiver. (T.43, 45).

9. Plaintiff left XX Century Furnace for personal reasons after three or four months. (T.45).

10. Plaintiff filled out a Babcock and Wilcox application for employment July 24, 1969, on which he made no response to the request to explain any physical limitations and on which he at first put XX Century Furnace down in the blank for his last employer and then crossed it out. (Def. Ex. A and T.54).

11. Plaintiff filled out a "General Medical History Form" August 11, 1969, for employment with the defendant. (Def. Ex. B). In response to the fol-

lowing questions he gave negative answers which he knew were incorrect:

A. Have you ever been refused employment because of your health? (T.42 f, 58).

B. Have you ever been treated by or consulted with a practitioner within the past five years? (T.58).

C. Have you ever had or have you now: back trouble? (T.59).

D. Have you ever had any other body injuries? (T.59).

Plaintiff also stated that his only hospitalization was for tonsils (Def. Ex. B) (Q. 14, T.58 f), but he acknowledges a repair of a left inguinal hernia in response to a question on the back of the General Medical History Form. (Def. Ex. B back). The form contains the words "I understand any misrepresentation or omission of information requested in this form, may be cause for discharge" printed in capital letters underlined at the top of the first page and essentially the same language above plaintiff's signature on the back. Above the latter is the sentence "I certify that I have reviewed the foregoing information supplied by me and that it is true and complete to the best of my knowledge." Plaintiff read and understood these clauses at the time he signed the form. (T.60).

12. Plaintiff intentionally tried to conceal his back condition because of his past experience, knowing that in all probability the defendant would not hire him if it knew of his back condition. (T.56).

13. Plaintiff received a cursory physical from Murray M. Bett, M.D., the defendant's medical advisor, who, in reliance upon plaintiff's falsified history and failure to otherwise disclose the back condition, found plaintiff physically fit for work. (T.61 f).

14. Plaintiff was hired by defendant as a grinder painter, which entailed the use of grinders weighing up to 20–30 pounds (T.23, 28 f, 30) with occasional lifting of weights up to 80 pounds (T.87).

15. After six months plaintiff was promoted to a leader which entailed some supervisory duties. (T.23 f, 30 ff).

16. Plaintiff worked for the defendant from August 12, 1969 to July 26 or 27, 1970, at which time he was inducted into the Army. (T.4).

17. Plaintiff experienced no incapacitating difficulties with his back during the period he was employed by the defendant. (T.62).

18. Plaintiff was given a pre-induction physical examination at which time he told the Army doctors of his back condition. However, he was approved for induction into the Army. (T.63).

19. Plaintiff was injured by running into a 4 x 4 after several weeks of basic training. Plaintiff received only transitory bruises from the accident; however, while examining plaintiff, the Army doctors saw his preexisting back injury and found him medically unfit for military service. (T.65).

20. Plaintiff has no service connected disability. (T.65 f).

21. Plaintiff was given an honorable separation from the Army for medical reasons August 6, 1970. (T.6).

22. Plaintiff made application for reinstatement to his position at the defendant's Canton Works August 24, 1970. (T.6).

23. Plaintiff was given a physical examination by Dr. Bett on August 24, 1970, as is company policy for anyone who has been off work for over five days. (T.121).

24. Plaintiff informed Dr. Bett of his previous back problem at this time. (T.69 f). Dr. Bett then performed a straight leg raising test which had a positive result as to the left leg, and he also performed an examination of the lumbar spine which revealed restriction of forward flexion. Dr. Bett found that the results of these tests coupled with plaintiff's history would indicate that plaintiff had a herniated disc with left nerve route irritation. (T.173 f).

25. Plaintiff's condition could be expected to deteriorate if he continued to aggravate his "pinched nerve" by heavy lifting as required by his job with the defendant and may even become disabling. (T.187 f).

26. Plaintiff was given a slip to return to work by Dr. Bett (T.72) and he returned to work August 24, 1970.

27. Dr. Bett sent a memo to Jack R. Canter, Personnel Manager for defendant's Canton Works, which indicated that plaintiff had been discharged from the military for a pre-existing herniated disc; that plaintiff admits to having had back pain and pain down his left leg for which he was hospitalized and placed in traction for two weeks in 1968 and that plaintiff did not report his back difficulties on his pre-employment history. (Def. Ex. F.).

28. Dr. Bett discussed Mr. Greathouse with Mr. Canter on August 26, 1970, after which Mr. Canter determined that plaintiff should not be reinstated to his previous position. (T.121 ff, 177f).

29. Plaintiff was summoned to Mr. Canter's office August 26, 1970, and was told he was suspended immediately pending final termination as was required under Section VI of the collective bargaining agreement, because he falsified his employment records and because he was physically unable to perform his duties as a painter-grinder leader. (T. 25, T.71, 125f, 140).

30. Plaintiff was present at a conference with Mr. Canter, plaintiff's foreman, and Carlton Gray, a compliance officer with the U. S. Labor Department, at which time plaintiff was told there was no way to get his job back. (T.27).

31. Plaintiff never attempted to institute the grievance procedure in the collective bargaining agreement in effect at the time. (T.76 ff).

32. Plaintiff was terminated by the defendant effective September 2, 1970. (T.6).

33. Plaintiff filed this suit June 25, 1973.

34. Plaintiff was seen by John A. Hardacre, M.D. on January 29, 1974, at which time he related the story of the accident, his 14-day hospitalization with traction, his leg discomfort, his work for an Oldsmobile agency and at an elevator manufacturing firm, his work for defendant, including lifting up to 80 lbs., the fact that he had no difficulty in performing his work, his induction into the Army, and his accident in the Army. (T.239 ff.). Plaintiff did not mention a herniated or slipped disc (T.245 ff), nor did he tell the doctor the specific cause of his separation from the service. (T. 242).

35. Dr. Hardacre agreed that given additional information available to Dr. Bett that Dr. Bett's diagnosis of a herniated disc with left nerve route irritation was not unreasonable and not inconsistent with his own findings. (T. 248).

The conclusions of law are as follows:

■ 1. This Court concludes that it has jurisdiction over the parties and the subject matter of this action by virtue of Title 50 U.S.C.App. § 459(d).

■ 2. This Court concludes that Veterans' reemployment rights under Title 50 U.S.C.App. § 459(d) are an integral part of every individual employment contract. Muscianese v. United States Steel Corp., 354 F.Supp. 1394, 1399 (D.C., 1973). Larsen v. Air California, 313 F.Supp. 218 (D.C., 1970), affd. 9 Cir., 459 F.2d 52, cert. den. 409 U.S. 895, 93 S.Ct. 116, 34 L.Ed.2d 151, reh. den. 409 U.S. 105, 93 S.Ct. 511, 34 L.Ed.2d 505.

■ 3. This Court concludes that in seeking reinstatement to his former position with the defendant company, plaintiff is seeking an equitable remedy tantamount to specific performance of a contract and thus the equitable doctrine of laches applies to this action. Witty v. Louisville and Nashville Railroad, 342 F.2d 614 (7 Cir. 1965); McCoy v. Olin Mathieson Chemical Corporation, 360 F.Supp. 1336 (D.C., 1973); Gruca v. United States Steel Corporation, 360

F.Supp. 38 (D.C., 1973); Muscianese v. United States Steel Corp., supra; Whitmore v. Norfolk and Western Railway Co., 61 C.C.H. ¶ 10573 (N.D.Ohio E.D. 1969).

■ 4. This Court concludes that the proper criteria for determining laches is whether there has been an undue delay in the institution of the suit and whether there is prejudice to the defendant by the delay. Gardner v. Panama R. Co., 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31 (1951); Czaplicki v. The S. S. Hoegh Silvercloud, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956); Gruca v. United States Steel Corp., supra.

■ 5. This Court concludes that while statutes of limitations are not controlling in suits which are historically equitable in nature they do provide a guideline as to what constitutes undue delay. (See citations above.)

■ 6. This Court concludes that since Congress has failed to provide a statute of limitations to govern actions under 50 U.S.C.App. § 459, that the Court must utilize the most analogous state statute of limitations which the Court finds to be Section 2305.07 O.R.C. which provides for a six year statute of limitations for all actions upon a contract not in writing, expressed or implied, or upon liability created by statute other than forfeiture or penalty. Whitmore v. Norfolk and Western Railway Co., supra.

■ 7. This Court concludes that since this action was commenced prior to the running of the statute of limitations the burden is on the defendant to show that there has been undue delay or prejudice to their cause. Shell v. Strong, 151 F.2d 909 (10 Cir. 1945); Muscianese v. United States Steel Corp., supra; Gruca v. United States Steel Corp., supra.

■ 8. This Court concludes that the defendant company has failed to show that plaintiff was chargeable with undue delay in the institution of this suit and has failed to show that they were unduly prejudiced by any delay.

■ 9. The Court concludes that this cause of action is more properly one for reemployment after discharge under 50 U.S.C.App. § 459(b)(2)(B)(i) than one for dismissal without cause within one year under 50 U.S.C.App. § 459(c)(1) and the complaint will be deemed to be amended to conform to the proof, pursuant to Rule 15(b) Federal Rules of Civil Procedure.

■ 10. This Court concludes that it is presumed under law that a veteran was qualified for the position he held at the time he was inducted into the armed services and it is also presumed, absent a service connected disability, that he is qualified to resume his position upon his discharge. McCoy v. Olin Mathieson Chemical Corp., supra.

■ 11. This Court concludes that once the veteran has presented evidence that he was employed on other than a temporary basis by a company at the time of induction into the armed services, that he received certificate of completion of his training and service under 50 U.S.C.App. § 459(a), that he has timely applied for reemployment and that reemployment has been refused; the burden then shifts to the defendant company to prove that the veteran was not qualified for his former position either at the time he was inducted into the service or at the time he sought reemployment. McCoy v. Olin Mathieson Chemical Corp., supra.

■ 12. This Court concludes that the word qualified as used in the statute means more than just physically and mentally able to perform the job he had done before his induction into the service. Trusteed Funds v. Dacey, 160 F.2d 413 (1 Cir. 1947).

■ 13. This Court concludes that matters affecting a person's qualifications for the job which occur prior to

his application for reemployment can be the basis for finding him not qualified for reemployment. John S. Doane Co. v. Martin, 164 F.2d 537 (1 Cir. 1947); Trusteed Funds v. Dacey, supra; Dacey v. Trust Funds Inc., 72 F.Supp. 611 (D.C., 1947); Larsen v. Air California, supra.

■ 14. This Court concludes:

A. That the intentional misrepresentations and omissions by plaintiff on his preemployment medical history were designed to conceal a preexisting back injury which plaintiff believed would preclude the defendant from hiring him if the defendant knew of the injury;

B. That the plaintiff intentionally concealed his condition from the examining physician at the time of his pre-employment physical; and that

C. The plaintiff deleted his former employer from his employment application.

The Court concludes said facts are sufficient to constitute fraud in the inducement of plaintiff's original contract of employment, and as such go to his qualifications for the position he held at the time he was hired. Larsen v. Air California, supra; Babcock and Wilcox Co., 45 L.A. 513, 65–2 Arb. ¶ 8705 (Lehockzky, 1965); Anaconda Brass, 46 L.A. 559 (Altieri 1965).

■ 15. This Court concludes that each case of falsification of medical records to conceal a condition which would preclude the hiring of the individual must be looked at independently in determining whether the falsification is waived by the employer through the passage of time rather than looking to an arbitrary cut off such as one year. Anaconda Brass, supra; Kraft Foods, 68–1 Arb. ¶ 8326 (Turkus 1968).

■ 16. This Court concludes that the defendant company acted upon the fraud at the earliest practicable time after its discovery, thus the company can not be deemed to have waived any objections to such fraud.

■ 17. This Court concludes that plaintiff's fraud disqualified him from his position at the time he was hired and that he was not made qualified by maintaining his position under the subterfuge for eleven months.

■ 18. This Court concludes that plaintiff's physical condition which is subject to further deterioration from continued aggravation by heavy lifting and as his job required made him unqualified for reemployment in his former position.

■ 19. This Court concludes that defendant Babcock and Wilcox Company has adequately rebutted the presumption that plaintiff was qualified for his former position as a leader grinder painter at defendant's Canton Works at the time he was inducted into the Armed Services or at the time he applied for reinstatement.

■ 20. This Court further concludes that even if plaintiff had been reinstated in his former position that the company would have just cause under Title 50 U.S.C.App. § 459(c)(1) to discharge him for intentionally falsifying his medical history form when he admittedly was under notice that such falsification would be grounds for dismissal. Carter v. United States, 132 U.S.App. D.C. 303, 407 F.2d 1238 (1968); Anaconda Brass, supra.

■ 21. This Court further concludes that plaintiff's physical condition would also be reasonable cause for discharge under the statute and plaintiff knew that he could be discharged for it. Carter v. United States, supra.

Therefore, this Court finds for the defendant and against the plaintiff. Costs are assessed against the plaintiff.