Barry **HIRSCHBERG**, Plaintiff,

v.

**BRANIFF AIRWAYS, INC.**, a/k/a Braniff International, Defendant.

No. 75 C 1145.

United States District Court,
E. D. New York.

Nov. 24, 1975.

David G. Trager, U. S. Atty., Brooklyn, N. Y., for plaintiff; Richard L. Huffman, Asst. U. S. Atty., William J. Kilberg, Sol. of Labor, Francis V. Laruffa, Regional Sol., William H. Berger, Atty., U. S. Dept. of Labor, Brooklyn, N. Y., of counsel.

Hale, Russell, Gray, Seaman & Birkett, New York City, for defendant; Alan D. Sugarman, Rodger C. Field, New York City, of counsel.

## MEMORANDUM AND ORDER

JUDD, District Judge.

Defendant has moved to dismiss the complaint pursuant to F.R.Civ.P. Rule 12(b), based on the alleged bar of the New York statute of limitations.

### Facts

Plaintiff brings this action pursuant to the veterans' reemployment provisions of the Military Selective Service Act of 1967, 50 U.S.C.App. § 451 *et seq.*, as amended in 1974, 38 U.S.C.A. § 2021 *et seq.*, to recover for lost wages and denial of job advancement.

According to plaintiff's complaint, he was employed by the defendant at John F. Kennedy International Airport as a cargo serviceman from August 11, 1967 until on or about December 23, 1967. During this time plaintiff's salary was approximately $435.00 per month.

On January 5, 1968 plaintiff entered the military service. On August 25, 1969 he was honorably discharged. On September 12, 1969 plaintiff was reemployed by defendant as a cargo serviceman at a salary of approximately $491.00 per month. Plaintiff contends that he was denied a $25.00 per month merit raise and was not granted seniority credit for his military service, which would have resulted in his promotion to the higher-paying position of Passenger Service Agent earlier than October 12, 1970, the actual date of his promotion.

On December 8, 1970, plaintiff first complained to the United States Department of Labor. After almost three years of investigation and negotiation by this Department without results, plaintiff requested on December 4, 1973 that his file be transferred to the Department of Justice.

Six months more elapsed before the file was in fact transferred to the Department of Justice on June 25, 1974. A few weeks later, on July 17, 1974, the file was forwarded to the United States Attorney's Office for the Eastern District of New York. Exactly one year

later, on July 17, 1975, the complaint in this action was filed.

The defendant contends that the action is time-barred by the three-year New York State statute of limitations N.Y.C.P.L.R. § 214(2), dealing with a liability created by statute.

### Discussion

Until 1974, veterans' reemployment rights were provided under the Military Selective Service Act of 1967 by 50 U.S. C.App. § 459(b). The United States Attorney was directed to appear and act as attorney for any person claiming reemployment benefits under § 459(d). Both provisions were transferred in 1974 with various amendments to the Veterans' Benefits title of the United States Code, § 459(b) as 38 U.S.C. § 2021, and § 459(d) as 38 U.S.C. § 2022. The 1967 Act did not expressly establish a limitations period within which actions for veterans' reemployment rights must be brought. The 1974 amendments to the Act include the following:

"No State statute of limitations shall apply to any proceedings under this chapter." 38 U.S.C.A. § 2022.

Under Section 503 of the 1974 amendments, Pub.L. 93–508, 88 Stat. 1581, the above quoted provision was made "effective on the date of . . . enactment [December 3, 1974]." See note to 38 U.S.C.A. § 1652.

The issues on this motion turn on the applicability of these provisions to a claim which was more than three years old before the 1974 amendments became law.

The first issue that must be addressed is whether the provision in 38 U.S.C. § 2022 constitutes a change in the law or a mere clarification; and if it is a change, whether Congress intended the provision to have retrospective application.

The plaintiff's position is that the 1974 amendment does not constitute a change in the law, but simply clarifies what was Congress' original intent. In

any case, the plaintiff contends that should the court find that the 1974 amendment was a change in the law, the applicable authorities require the court to apply the 1974 provision to this case. The defendant takes the opposite position, that the 1974 amendment was a change in the law and that judicial precedent requires that the 1974 amendment not be applied retroactively to this case.

This court finds that the 1974 amendment barring the application of state statutes of limitations to veterans' reemployment rights actions was not a clear change in the existing law. Furthermore, the result in this case would remain the same even were defendant's position on this point accepted, since this court is bound to apply the law in effect at the time of its decision.

The state of the law concerning the period of limitations was far from settled prior to the enactment of the 1974 amendment. Several cases applied the forum state's statute of limitations when a claim for legal relief was presented. *Hire v. E. I. DuPont DeNemours & Company*, 324 F.2d 546 (6th Cir. 1963) (claim for severance pay); *Alvado v. General Motors Corp.*, 194 F.Supp. 314, 316–17 (S.D.N.Y.1961) (claim for vacation pay, found not barred), *aff'd on other grounds*, 303 F.2d 718 (2d Cir. 1962); *Walsh v. Chicago Bridge & Iron Co.*, 90 F.Supp. 322 (N.D.Ill.1949) (claim for back wages, plaintiff represented by private attorneys); *Gruca v. United States Steel Corp.*, 495 F.2d 1252 (3d Cir. 1974) (statute of limitations applies to legal claims, laches applies to equitable claims); *Bell v. Aerodex, Inc.*, 473 F.2d 869 (5th Cir. 1973) (claims for back wages, prosecuted by U. S. Department of Labor); *Blair v. Page Aircraft Maintenance, Inc.*, 467 F.2d 815 (5th Cir. 1972) (claims for back wages). Apparently the cumulative impact of the *Bell, Blair,* and *Gruca* cases in 1972–73 led to the 1974 amendment ruling out state statutes of limitations.

The effect of lapse of time was held to be governed by laches when the com-

plaint sought relief of an equitable nature. *Delman v. Federal Products Corp.*, 251 F.2d 123 (1st Cir. 1958) (laches applies to claim for reinstatement, six year statute of limitations to claim for back pay, both claims barred); *Greathouse v. Babcock and Wilcox Co.*, 381 F.Supp. 156 (N.D.Ohio 1974) (laches applies to claim for reinstatement); *Gruca v. United States Steel Corp., supra.*

Cases in this circuit before the 1974 amendment liberally characterized the relief sought as equitable, even where wage claims were part of the claims involved. *Ufland v. Buffalo Courier Express*, 394 F.Supp. 199, 201 (W.D.N.Y. 1974) (laches applies to claims for lost wages, sick benefits and vacation pay) ("Whether the veteran's claim is for reinstatement and back pay, restitution of seniority rights or wage rate adjustments does not alter the basically equitable nature of the rights asserted."); *Leonick v. Jones & Laughlin Steel Corp.*, 258 F.2d 48, 49 (2d Cir. 1958) (laches applies to claims for reinstatement and damages) ("We may assume, as the plaintiff argues, that the claim which he asserts, based upon the Veterans' Reemployment Act, is an equitable claim, and that the New York statute of limitations is, accordingly, not controlling."); *Denner v. Levine*, 232 F.2d 185 (2d Cir. 1956) (laches applies to claim for back wages); *Flynn v. Ward Leonard Electric Co.*, 84 F.Supp. 399 (S.D.N.Y.1949) (laches applies to claim for retroactive pay increase).

This uncertainty concerning the applicability of state statutes of limitations to veterans' reemployment actions, and specifically to claims for back wages, prior to the 1974 amendment, is consistent with the inference to be drawn from the Senate Report of the Committee on Veterans' Affairs, that the purpose of the 1974 amendment was to clarify the original intent of Congress. See *Armstrong v. Baker*, 394 F.Supp. 1380, 1385 (N.D.W.Va.1975). The Report states:

"There is also added a provision at the end of this section which reaffirms and reflects more clearly the congressional intent that legal proceedings under this chapter shall be governed by equity principles of law, specifically by barring the application of State statutes of limitations to any such proceeding. Congress, in 1940, omitted any reference to the application of any time-barred defense in cases arising under this law, in part to insure the application of a policy of keeping enforcement rights available to returned veterans as uniform as possible throughout the country. The equity doctrine of laches accomplishes this purpose as nearly as possible.

Therefore, those court decisions which have either applied a State statute of limitations to completely bar a claim under the prior law (see e. g. *Blair v. Page Aircraft Maintenance, Inc.*, 467 F.2d 815 (1972) (Alabama 1-year statute of limitations); *Bell v. Aerodex, Inc.*, 473 F.2d 869 (5th Cir. 1973) (Florida 1 year statute of limitations) or have applied a State statute of limitations to partially bar a claim under the prior law (see e. g., *Gruca v. United States Steel Corp.*, (No. 73–1803 3rd Cir. decided April 17, 1974); *Smith v. Continental Airlines, Inc.*, 70 CCH Labor Cases 13.501 (C.D. Calif.1973)) are not in accord with the intent of Congress as to the application of time-barred defenses.

Furthermore, the holdings in *Blair, supra,* and *Bell, supra,* that the time spent by the governmental agencies charged with the administration and enforcement of this Act in investigation, negotiation, and preparation for suit shall be charged against the veteran in any consideration of a time-barred defense, again misconstrue and misapply congressional intent."

S.Rep. No. 93–907, 93d Cong., 2d Sess. at 111–12.

The Senate Report says unmistakably that the amendment "reaffirms and reflects more clearly" the original intent of Congress; in other words that its purpose was to clarify the law.

■ ■ Even accepting *arguendo* the proposition that the 1974 amendment constituted a change in the law, the court would reach the same result in this case. Generally, a court should apply the law in effect at the time of its decision, with exceptions only for manifest injustice or contrary statutory direction. *Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); *Thorpe v. Housing Authority of the City of Durham,* 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969). Defendant cites earlier cases in different contexts to establish that retrospective operation is not favored unless there is a clear expression of intent. *Greene v. United States,* 376 U.S. 149, 160, 84 S.Ct. 615, 621–22, 11 L.Ed.2d 576 (1964); *Claridge Apartments Co. v. Commissioner of Internal Revenue,* 323 U.S. 141, 65 S.Ct. 172, 89 L.Ed. 139 (1944).

As between the two interpretations, the language of the 1974 amendment points toward retrospective application. The statute states:

"No State statute of limitations shall apply *to any proceedings* under this chapter." (Emphasis added).
38 U.S.C.A. § 2022.

By its form, the amendment appears to apply to all cases, and to render state statutes of limitations inapplicable in veterans' reemployment rights proceedings irrespective of the commencement date of the action.

In *Bradley, supra,* the Supreme Court held that the Education Amendments Act of 1972, authorizing the courts to grant attorneys' fees in desegregation cases, applied to services provided prior to the enactment. In reaching this decision the Court cited:

". . . the principle that a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary."
416 U.S. at 711, 94 S.Ct. at 2016.

The *Bradley* Court, pointing to its earlier decision in *Thorpe, supra,* noted the judicial presumption that a change in the law is to be applied to pending cases "even where the intervening law does not explicitly recite that it is to be applied to pending cases, . . . ." *Bradley, supra,* 416 U.S. at 715, 94 S.Ct. at 2018.

In *Thorpe, supra,* the Court held that new eviction procedures promulgated by the Department of Housing and Urban Development after proceedings had been initiated against the tenant under the old procedures, but before the tenant had actually been evicted, applied in a pending action.

In this case, there is no statutory direction for prospective application only. Nor does the legislative history require prospective application of the 1974 amendment. As shown above, the legislative history supports application of the 1974 amendments to all pending claims.

The Supreme Court in *Thorpe, supra,* 393 U.S. at 282, n. 43, 89 S.Ct. at 526, and again in *Bradley, supra,* 416 U.S. at 716–17, 94 S.Ct. at 2019, characterized *Greene v. United States, supra,* as an exception to the general rule, to prevent "manifest injustice". In *Greene v. United States, supra,* a government contractor's employee lost his job when his government security clearance was vacated. The employee had brought a successful action for monetary restitution against the government under 1955 regulations, which was upheld by the Supreme Court in *Greene v. McElroy,* 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959). In *Greene v. United States, supra,* the Court declined to deprive plaintiff of his just restitution on the basis of retroactively applying a 1960 regulation adopted while the claim was being processed.

There is no basis in this case for defendant to assert that it will suffer any "manifest injustice" from the application of the 1974 amendment. Plaintiff will recover no more than the amount of his original claim plus interest. Defendant has been aware of the claim since late 1970 or early 1971, when negotiations began with the Department

of Labor. There is no suggestion that defendant has suffered any loss of evidence by the delay.

On the other hand, applying the three-year statute as a bar would work an injustice on the plaintiff, who has relied on the United States Department of Labor and the United States Attorney as his Congressionally designated representatives to prosecute his claim. His rights should not be impaired by the delays of government agencies. *Cf. Conseglio v. Pennsylvania Railroad Co.*, 211 F.Supp. 567, 575 (S.D.N.Y.1962) (Weinfeld, J.); *Blair v. Page Aircraft Maintenance, Inc.*, 467 F.2d 815, 820–21 (5th Cir. 1972) (Tuttle, C. J., concurring in part and dissenting in part). See also S.Rep. No. 93–907, 93d Cong., 2d Sess. at 111–12.

*Claridge Apartments, supra,* 323 U.S. 141, 65 S.Ct. 172, 89 L.Ed. 139, gives no support to defendant's position in this case. In *Claridge,* the Court declined to accept a construction of some amendments to the Bankruptcy Act which would produce retrospective application because, among other reasons, such a construction would be contrary to the purposes of the amendments. *Supra,* 323 U.S. at 156–58, 164–65, 65 S.Ct. 181–82, 185. In this case, examination of the purpose of the amendment leads to the opposite conclusion. As the Senate Report indicates, the purpose of the amendment was

"to insure the application of a policy of keeping enforcement rights available to returned veterans as uniform as possible throughout the country." S.Rep. No. 93–907, 93d Cong., 2d Sess. at 111.

Implementation of the 1974 amendment to all actions will advance that purpose.

It is therefore entirely proper to apply the 1974 amendments to this case.

It is ordered that the motion to dismiss the complaint be denied.