72 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Teresa FULLERTON, Plaintiff-Appellant,
v.
SOUTH KING COUNTY MULTI-SERVICE CENTER, INC., a domestic
corporation, Defendant-Appellee.
 No. 94-35871.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 15, 1995.
Decided Dec. 8, 1995.
 
 Before: WRIGHT, FERNANDEZ and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This case involves a struggle between a veteran's statutory right to reemployment and an employer's interest in a qualified and competitive work force. We affirm the district court's judgment denying Fullerton relief under the Veterans' Reemployment Rights Act, 38 U.S.C. Sec. 4301, because the court properly found that she was not qualified for her former position.[1]
 
 1. Qualification under 38 U.S.C. Sec. 4301
 
 3
 Fullerton contends that the district court erred in concluding, based on her job performance prior to enlisting in the National Guard for one year, that she was not "still qualified" or "able to become requalified with reasonable efforts" by the South King County Multi-Service Center. She argues that under 38 U.S.C. Sec. 4301(a)(B), an eligible veteran is by law "still qualified" for her former position or a comparable position unless and only unless she has suffered a disability during her military service which makes her unqualified.[2]
 
 
 4
 Although the statute is to be liberally construed for the benefit of the returning veteran, Coffy v. Republic Steel Corp., 447 U.S. 191, 196 (1980), we cannot accept Fullerton's interpretation. Under her theory, the statute would have the perverse effect of allowing an employer to refuse to reinstate a veteran to her former position or a comparable position only if she became unqualified due to a service-related disability. A veteran who was unqualified for another reason, such as incompetence or character defects, would have to be reinstated. Congress could not have intended this result. See United States v. Turkette, 452 U.S. 576, 580 (1981) (court should avoid statutory interpretation that leads to absurd results).
 
 
 5
 We also reject Fullerton's interpretation because it would render superfluous section 4301(a)(B)(i), which, without mentioning service-related disability, says that a veteran will be given her former position or one comparable to it if still qualified or able to become requalified with reasonable efforts by the employer. See Boise Cascade Corp. v. E.P.A., 942 F.2d 1427, 1432 (9th Cir.1991) (court must interpret statute "as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous.").
 
 
 6
 The more reasonable interpretation is that the statute does not require reinstatement of a veteran who is unqualified unless the veteran became unqualified due to a service-related disability. The disability provision is not an exception to a rule of qualification, but a special safeguard for veterans whose lack of qualification has resulted from their active military service. Those veterans still have a right to other positions with their former employers, while veterans who are unqualified for other reasons do not. 38 U.S.C. Sec. 4301(a)(B)(ii).[3] This interpretation, implicitly accepted by cases considering the statute, gives effect to the whole statute and does not lead to absurd results.
 
 
 7
 2. Consideration of Pre-service Job Performance
 
 
 8
 Fullerton contends nonetheless that under the statute, neither her employer nor the district court may consider her pre-service job performance in determining her qualification. Nothing in the statute prohibits such consideration. Her interpretation is inconsistent with the purpose of the statute, which is to require reemployment of veterans in the positions they would have attained had they continued to work instead of enlisting in military service. 38 U.S.C. Sec. 4301(b)(2). See also Coffy, 447 U.S. at 196 (returning veteran "does not step back on the seniority escalator at the point he stepped off. He steps back on at the precise point he would have occupied had he kept his position continuously during the war."). The statute does not require employers to ignore pre-service job performance and reinstate unqualified returning veterans in their former positions, from which they probably would have been demoted or discharged had they stayed on the job. The seniority escalator may go down as well as up.
 
 
 9
 Her interpretation is also contrary to cases that have addressed the issue of qualification. In Larsen v. Air California, 313 F.Supp. 218, 220 (C.D.Cal.1970), aff'd, 459 F.2d 52 (9th Cir.1972), cert. denied, 409 U.S. 895 (1972), the district court considered a reservist's previous substandard job performance in denying him relief under 50 U.S.C.App. Sec. 459 (a predecessor to 38 U.S.C. Secs. 4301-4304). It noted that "[t]he scheme of Federal reemployment rights statutes does not require a court to disregard the aspects of the basic employment relationship which would make continued or renewed employment unreasonable." Id.; see also Green v. Tho-Ro Products, 232 F.2d 172, 174-76 (3rd Cir.1956) (denying relief where veteran was found not "still qualified" on the basis of his pre-service insubordination and disloyalty); Trusteed Funds v. Dacey, 160 F.2d 413, 421 (1st Cir.1947) (specifically concluding that evidence of pre-service job performance is admissible in determining whether returning veteran is qualified); Winfree v. Morrison, Inc., 762 F.Supp. 1310, 1313-14 (E.D.Tenn.1990) (denying relief where employer's refusal to reinstate veteran was motivated not by his military service but by his poor pre-service job performance and by his threatening letters while in the service); Greathouse v. Babcock & Wilcox Co., 381 F.Supp. 156, 163-64 (N.D.Ohio 1974) (concluding that "matters affecting a person's qualifications for the job which occur prior to his application for reemployment can be the basis for finding him not qualified for reemployment").
 
 
 10
 The district court properly found that the Center satisfied its burden of showing that Fullerton was unqualified. We need not address her argument that the court erred in finding that changed circumstances made it impossible or unreasonable for the Center to reinstate her. See 38 U.S.C. Sec. 4301(a)(B).
 
 3. Shift of Burden
 
 11
 Fullerton contends that the district court erroneously shifted to her the burden of showing that the Center could make "reasonable accommodations" to employ her pursuant to 38 U.S.C. Sec. 4307. She says the judge shifted the burden when he asked her attorney during closing argument whether it was feasible for the Center to employ both her and the employee who replaced her. Section 4307 is concerned strictly with the veteran's qualifications. It provides that "[f]or the purposes of this chapter, a person shall be considered qualified to perform the duties of an employment position if such person, with or without reasonable accommodation, can perform the essential functions of the position." 38 U.S.C. Sec. 4307. The judge's questions had nothing to do with Fullerton's qualifications. They appear instead to have pertained to the issue of changed circumstances. The judge was entitled to ask questions freely to obtain a better understanding of the case, and nothing in his findings of fact and conclusions of law suggest that he shifted the burden. The mere questions alone are not evidence of a shift of the burden of proving reasonable accommodation.
 
 4. Findings of Fact
 
 12
 Fullerton contends that the court erred in finding that she would have been discharged had she not enlisted, that she knew she would have been discharged and that this knowledge prompted her to join the Guard. These findings are relevant to the issue of her pre-service qualification. However, the court's principal finding that she was unqualified for the position prior to joining is well supported by the evidence. If there was any error in the subsidiary findings, which we do not intimate, it is harmless.
 
 
 13
 The judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo the district court's interpretation of the statute. Imel v. Laborers Pension Trust Fund, 904 F.2d 1327, 1332 (9th Cir.), cert. denied, 498 U.S. 939 (1990)
 
 
 [2]
 Section 4301 provides that an eligible veteran who seeks reinstatement with his pre-service employer shall:
 (i) if still qualified to perform the duties of such position or able to become requalified with reasonable efforts by the employer, be restored by such employer or the employer's successor in interest to such position or to a position of like seniority, status, and pay; or
 (ii) if not qualified to perform the duties of such position or able to become requalified with reasonable efforts by the employer, by reason of disability sustained during such service, but qualified to perform the duties of any other position in the employ of such employer or the employer's successor in interest, be offered employment and, if such person so requests, be employed by such employer or the employer's successor in interest in such other position the duties of which such person is qualified to perform as will provide such person like seniority, status, and pay, or the nearest approximation thereof consistent with the circumstances in such person's case,
 unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so....
 38 U.S.C. Sec. 4301(a)(B). This section has been replaced by a more detailed version of the statute, but remains in effect for the purposes of this suit. See 38 U.S.C.A. Secs. 4301, 4313.
 
 
 [3]
 This provision has been superseded by 38 U.S.C. Sec. 4313(a)(3), which applies to reemployments initiated on or after August 1, 1990. The new provision does not, however, change this analysis. Section 4313 does not supersede any other provisions of section 4301 for the purposes of this case. See 38 U.S.C. Sec. 4301