William F. LEONICK, Plaintiff-Appellant,

v.

JONES & LAUGHLIN STEEL CORPO-
RATION, Defendant-Appellee.

No. 237, Docket 24800.

United States Court of Appeals
Second Circuit.

Argued March 7, 1958.

Decided July 2, 1958.

Dassa & Honig, New York City (Law-
rence M. Honig, New York City, of coun-
sel), for plaintiff-appellant.

Sullivan & Cromwell, New York City
(William A. Ziegler, Jr., Gordon R.
Erickson, New York City, of counsel),
for defendant-appellee.

Before LUMBARD, WATERMAN and
MOORE, Circuit Judges.

WATERMAN, Circuit Judge.

The sole issue raised by this appeal is
whether a suit brought under Section 8
(The Reemployment Provision) [1] of the

1. Section 8, popularly called The Veter-
ans' Reemployment Act, reads in part
as follows:

 *  *  *  *  *

"(b) In the case of any such person
["Any person inducted into the land or
naval forces under this act for training
and service, who, in the judgment of
those in authority over him, satisfac-
torily completes his period of training
and service under section 3(b) shall be
entitled to a certificate to that effect
upon the completion of such period of
training and service. * * *" (Sec.
8(a) )] who, in order to perform such
training and service, has left or leaves a
position, other than a temporary posi-
tion, in the employ of any employer, and
who (1) receives such certificate, (2) is
still qualified to perform the duties of
such position, and (3) makes applica-
tion for reemployment within ninety days

Selective Training and Service Act of 1940, 50 U.S.C.App. § 308, as amended, now 50 U.S.C.A.Appendix, § 459, is time-barred by the failure of the plaintiff to commence the suit until at least ten years had elapsed from the date that his cause of action accrued.

Defendant moved to dismiss plaintiff's complaint and plaintiff's affidavit filed in opposition thereto contains the following facts.

The plaintiff William F. Leonick was employed by the defendant Jones & Laughlin Steel Corporation from 1940 until January 25, 1943 when he was inducted into the United States Army. Leonick served in the Armed Forces until the 4th day of November 1945 when he received an honorable discharge. Within 90 days following his discharge Leonick appeared at Jones & Laughlin and requested reinstatement in his old job. He was advised that the company was undertaking a reorganization of its personnel, and he was requested to come back at a later date. Leonick returned on several occasions but failed to obtain employment until sometime in 1947 when he was offered a job less desirable than that which he had held prior to his induction into the Army. He accepted this proffered position under protest. He continued to request that he be reinstated in the job which he had previously held. These requests were of no avail, and, apparently, Leonick continued to work at his new job. He was told that Jones & Laughlin had no record that he had applied for his preinduction position within 90 days of his Armed Forces discharge, and that the company could not help him until he obtained two notarized letters attesting to the fact that he had made such application. Nothing appears to have happened thereafter until 1956 when Leonick sought the assistance of the Veterans' Reemployment Rights Division of the U. S. Department of Labor. A representative of the Division advised Leonick to forego further proceedings. Nevertheless, on February 21, 1957, eleven years after he had first unsuccessfully sought reinstatement, Leonick commenced the instant suit to obtain injunctive relief, and also damages in the amount of $15,000.

Pursuant to Rule 12(b), Fed.Rules Civ. Proc., 28 U.S.C.A., Jones & Laughlin moved to dismiss on the ground that the complaint was barred by the statute of limitations. The district court, relying upon § 48, subd. 2 of the New York Civil Practice Act which prescribes a six year period of limitations in "An action to recover upon a liability created by statute, except a penalty or forfeiture," granted the motion. Leonick thereupon moved to reargue the motion on the ground that the statute of limitations was not controlling because the claim which he asserted was equitable in nature. The district court denied the motion to reargue, holding that even if the statute of limitations were not controlling, Leonick was barred by laches.

We may assume, as the plaintiff argues, that the claim which he asserts, based upon the Veterans' Reemployment Act, is an equitable claim, and that the New York statute of limitations is, accordingly, not controlling. Cf. Holmberg v. Armbrecht, 1946, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743. Nevertheless, the fact remains that whatever Leonick's rights may have been at the time of his discharge from the Armed Forces he slept on them for eleven years before attempting to assert them. Even if we accept his contention that he was at first unfairly led on by the defendant to believe that he would be restored to his old position, it is apparent from his own affidavit that by 1947 he surely should have been aware of the defendant's refusal willingly to

---

after he is relieved from such training and service * * *

\* \* \* \* \*

"(B) if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so; * * *"

**50**

grant him his alleged rights under the Act. Thus, for ten years plaintiff inexcusably failed to seek the intervention of a court.

 Although, as we have stated, the statute of limitations is not controlling, it is clear that it is not without significance. The statute does provide a guide to which the federal courts have customarily looked for aid in determining what is a reasonable period of time within which a suitor in equity must assert his rights. The prevailing view is well stated in Shell v. Strong, 10 Cir., 1945, 151 F.2d 909, 911, previously relied upon by us in Reconstruction Finance Corporation v. Harrisons & Crossfield, 2 Cir., 1953, 204 F.2d 366, where it is said:

"A court of equity is not bound by the statute of limitations, but, in the absence of extraordinary circumstances, it will usually grant or withhold relief in analogy to the statute of limitations relating to actions at law of like character. Under ordinary circumstances, a suit in equity will not be stayed for laches before, and will be stayed after, the time fixed by the analogous statute, but if unusual conditions or extraordinary circumstances make it inequitable to allow the prosecution of a suit after a briefer, or to forbid its maintenance after a longer, period than that fixed by the analogous statute, a court of equity will not be bound by the statute, but will determine the extraordinary case in accordance with the equities which condition it. When a suit is brought within the time fixed by the analogous statute, the burden is on the defendant to show, either from the face of the complaint or by his answer, that extraordinary circumstances exist which require the application of the doctrine of laches. On the other hand, when the suit is brought after the statutory time has elapsed, the burden is on the complainant to aver and prove the circumstances making it inequitable to apply laches to his case."

Cf. Le Gate v. The Panamolga, 2 Cir., 1955, 221 F.2d 689; Redman v. United States, 2 Cir., 1949, 176 F.2d 713.

Since plaintiff has wholly failed to present any justification for his failure to assert his alleged rights for a period of at least ten years, the district court properly held that his suit was barred by laches. Accordingly, the judgment below is affirmed.