Robert UFLAND, Plaintiff,

v.

The BUFFALO COURIER EXPRESS, INC., Defendant.

No. Civ. 1973–195.

United States District Court,
W. D. New York.

Sept. 11, 1974.

**200**

John T. Elfvin, U. S. Atty. (Edward J. Wagner, Buffalo, N. Y., of counsel), for plaintiff.

Falk, Siemer, Glick, Tuppen & Maloney, Buffalo, N. Y. (Edwin H. Wolf, Buffalo, N. Y., of counsel), for defendant.

CURTIN, Chief Judge.

This action was brought by plaintiff to recover lost wages, sick benefits and vacation pay to which plaintiff alleges he is entitled by virtue of defendant's failure to reemploy him on June 24, 1968 following his release from military service. The action is brought pursuant to the Universal Military Training and Service Act, 50 U.S.C.App. section 459(d), and was commenced by service of summons and complaint on defendant on April 24, 1973.[1]

Defendant has moved to dismiss under Rule 12(b), Federal Rules of Civil Procedure, on the ground that the action is barred by the statute of limitations.

Plaintiff was employed by defendant on May 25, 1967. On September 10, 1967, he left the employment of the defendant and entered the United States Army. On June 24, 1968, after his release from military service plaintiff reported to work at defendant's place of business. On the following day, after plaintiff was given a physical examination, he was denied employment. He was not reemployed until January 26, 1969. He remained employed until May 2, 1969, when his employment was terminated, allegedly as a result of a deteriorated medical condition.

Defendant contends that the action is barred by the three year statute of limitations found in section 214 of the New York Civil Practice Law and Rules applicable to actions to recover liability created or imposed by statute. Plaintiff asserts that the action at bar is equitable in nature, and any delay must be measured by the doctrine of laches. In the alternative, plaintiff contends that the six year statute of limitations imposed on contract actions applies in this case, and that, as a result this action is not barred.

 In suits brought under the Veterans Reemployment Rights Act, a veteran sues "as a veteran asserting special rights bestowed upon him in furtherance of a federal policy to protect those who have served in the Armed

---

1. This action was originally pending before Judge Henderson and was referred to Judge Curtin for decision upon Judge Henderson's death in February, 1974.

Forces." McKinney v. Missouri-Kansas-Texas Railroad Co., 357 U.S. 265, 78 S.Ct. 1222, 2 L.Ed.2d 1305 (1958). Whether the veteran's claim is for reinstatement and back pay, restitution of seniority rights or wage rate adjustments does not alter the basically equitable nature of the rights asserted. The claim for back wages in this case is, therefore, a derivative of plaintiff's rights of reinstatement and restoration to his former seniority, status and pay under the Act, rather than a claim at law for damages.

In Leonick v. Jones & Laughlin Steel Corp., 258 F.2d 48 (2d Cir. 1958), the Court of Appeals for this Circuit assumed, on the basis of plaintiff's argument, that his claim was an equitable one and the statute of limitations did not apply. The court went on to affirm a district court decision dismissing the action on the basis of laches.

The court concludes that the statute of limitations is not applicable to this action, since it is premised on equitable principles. Moreover, application of the doctrine of laches cannot aid the defendant. The delay in this action is not unreasonable when viewed in the context of the substantial negotiations which occurred between the parties, the Department of Labor, and United States Attorney. Nor has there been a showing that defendant has suffered by reason of the delay. The defendant's major allegation on the question of detriment is that the physician who examined plaintiff at the time of his return from military service has since died. However, the basic issue in this litigation is whether there was a job at defendant's place of business which he could fill given his state of health at the time. The defendant has not suffered a sufficient detriment by reason of the delay in commencing this action to warrant dismissal on grounds of laches.

For the foregoing reasons, the motion of the defendant to dismiss is denied.

So ordered.