James G. MOWDY, Plaintiff,

v.

## ADA BOARD OF EDUCATION, Defendant.

No. 77–29–C.

United States District Court,
E. D. Oklahoma.

Sept. 27, 1977.

Betty O. Williams, Asst. U. S. Atty., Muskogee, Okl., for plaintiff.

Kenneth R. Johnson, Ada, Okl., for defendant.

### ORDER SETTING CASE FOR NONJURY TRIAL

MORRIS, Chief Judge.

This case has previously been set for jury trial on October 18, 1977, at Muskogee, Oklahoma. Plaintiff has filed a motion to have this case set on the nonjury docket and to amend the pretrial order to so reflect. Plaintiff has filed a brief in support of his motion. Defendant has filed a response to which plaintiff has filed a reply.

---

Defendant contends that the fact that plaintiff abandoned his claim for reinstatement leaves only a claim for money damages which, according to defendant, constitutes a common law action and is therefore triable to a jury.

In deciding whether defendant is entitled to a jury trial, the court will be guided by the following standard, as aptly summarized by the Sixth Circuit in *Morelock v. NCR Corp.*, 546 F.2d 682, 685 (6th Cir. 1976) (footnote omitted):

This right, [to a jury trial] guaranteed by the Seventh Amendment "[i]n suits at common law, where the value in controversy shall exceed twenty dollars," has been preserved and extended to apply to actions enforcing contemporary statutory rights, so long as the statute creates legal rights and remedies enforceable in an action for damages in the ordinary courts of law. See e. g., *Curtis v. Loether*, 415 U.S. 189, 194, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). However, the mere fact that a monetary award is an incident of the relief requested does not mandate that an action be characterized as legal rather than equitable. See e. g., *Curtis v. Loether, supra* at 196, 94 S.Ct. 1005; *Slack v. Havens*, 522 F.2d 1091, 1094 (9th Cir. 1975). In certain actions monetary relief is an integral part of an equitable action to which the Seventh Amendment is inapplicable. See e. g., *Slack v. Havens, supra* at 1094; *Wirtz v. Jones*, 340 F.2d 901, 904 (5th Cir. 1965). The propriety of jury trials in cases presenting such mixed questions of law and equity is determined by the nature of the issue to be tried. *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970).

The court held in *Morelock* that the monetary relief sought under the Age Discrimination Employment Act (ADEA), 29 U.S.C. § 621 et seq., is an integral part of the basic equitable claim for reinstatement and analogous to the equitable issues pursued in actions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5, and therefore not triable to a jury. *Accord, Pearson v. Western Electric Co.*, 542 F.2d 1150, 1152 (10th Cir. 1976); *Slack v. Havens*, 522 F.2d 1091, 1094 (9th Cir. 1975); *Hannon v. Continental National Bank*, 427 F.Supp. 215, 220 (D.Colo.1977). *Contra, Pons v. Lorillard*, 549 F.2d 950 (4th Cir. 1977), *cert. granted*, ── U.S. ──, 97 S.Ct. 2971, 53 L.Ed.2d 1090 (1977).

Actions brought under the Veterans Reemployment Rights Act have been held to be equitable in nature so as to require the application of the equitable doctrine of laches rather than the statute of limitations applicable to legal claims. Thus, the district court stated in *Ufland v. Buffalo Courier Express*, 394 F.Supp. 199, 200–01 (W.D. N.Y.1974), a case brought under the Veterans Reemployment Rights Act:

In suits brought under the Veterans Reemployment Rights Act, a veteran sues "as a veteran asserting special rights bestowed upon him in furtherance of a federal policy to protect those who have served in the Armed Forces." *McKinney v. Missouri-Kansas-Texas Railroad Co.*, 357 U.S. 265, 78 S.Ct. 1222, 2 L.Ed.2d 1305 (1958). *Whether the veteran's claim is for reinstatement and back pay, restitution of seniority rights or wage rate adjustments does not alter the basically equitable nature of the rights asserted. The claim for back wages in this case is, therefore, a derivative of plaintiff's rights of reinstatement and restoration to his former seniority, status and pay under the Act, rather than a claim at law for damages.*

In *Leonick v. Jones & Laughlin Steel Corp.*, 258 F.2d 48 (2d Cir. 1958), the Court of Appeals for this Circuit assumed, on the basis of plaintiff's argument, that his claim was an equitable one and the statute of limitations did not apply. The court went on to affirm a district court decision dismissing the action on the basis of laches.

The court concludes that the statue of limitations is not applicable to this action, since it is premised on equitable principles. (Emphasis added.)

Similarly, in discussing the effect of the 1974 amendment to the Veterans Reemployment Rights Act, it was stated in *Hirschberg v. Braniff Airways, Inc.*, 404 F.Supp. 869, 872 (E.D.N.Y.1975):

Cases in this circuit before the 1974 amendment liberally characterized the relief sought as equitable, even where wage claims were part of the claims involved. *Ufland v. Buffalo Courier Express*, 394 F.Supp. 199, 201 (W.D.N.Y.1974) (laches applies to claims for lost wages, sick benefits and vacation pay) ("Whether the veteran's claim is for reinstatement and back pay, restitution of seniority rights or wage rate adjustments does not alter the basically equitable nature of the rights asserted."); *Leonick v. Jones & Laughlin Steel Corp.*, 258 F.2d 48, 49 (2d Cir. 1958) (laches applies to claims for reinstatement and damages) ("We may assume, as plaintiff argues, that the claim he asserts based upon the Veterans' Reemployment Act, is an equitable claim, and that the New York statute of limitations is, accordingly, not controlling."); *Donner v. Levine*, 232 F.2d 185 (2d Cir. 1956) (laches applies to claim for back wages); *Flynn v. Ward Leonard Electric Co.*, 84 F.Supp. 399 (S.D.N.Y.1949) (laches applies to claim for retroactive pay increase).

This uncertainty concerning the applicability of state statutes of limitations to veterans' reemployment actions, and specifically to claims for back wages, prior to the 1974 amendment, is consistent with the inference to be drawn from the Senate Report of the Committee on Veterans' Affairs, that the purpose of the 1974 amendment was to clarify the original intent of Congress. See *Armstrong v. Baker*, 394 F.Supp. 1380, 1385 (N.D.W.Va. 1975). The Report states:

"There is also added a provision at the end of this section which reaffirms and reflects more clearly the *congressional intent that legal proceedings under this chapter shall be governed by equity principles of law*, specifically by bar-ring the application of State statutes of limitations to any such proceeding. Congress, in 1940, omitted any reference to the application of any time-barred defense in cases arising under this law, in part to insure the application of a policy of keeping enforcement rights available to returned veterans as uniform as possible throughout the country. The equity doctrine of laches accomplishes this purpose as nearly as possible.

Therefore, those court decisions which have either applied a State statute of limitations to completely bar a claim under the prior law (see e. g. *Blair v. Page Aircraft Maintenance, Inc.*, 467 F.2d 815 ([5th Cir.] 1972) (Alabama 1-year statute of limitations); *Bell v. Aerodex, Inc.*, 473 F.2d 869 (5th Cir. 1973) (Florida 1 year statute of limitations) or have applied a State statute of limitations to partially bar a claim under the prior law (see e. g., *Gruca v. United States Steel Corp.*, (No. 73–1803 3rd Cir. decided April 17, 1974); *Smith v. Continental Airlines, Inc.*, 70 CCH Labor Cases 13.501 (C.D.Calif.1973)) are not in accord with the intent of Congress as to the application of time-barred defenses.

Furthermore, the holdings in *Blair, supra,* and *Bell, supra,* that the time spent by the governmental agencies charged with the administration and enforcement of this Act in investigation, negotiation, and preparation for suit shall be charged against the veteran in any consideration of a time-barred defense, again misconstrue and misapply congressional intent."

S.Rep.No.93–907, 93rd Cong., 2d Sess. at 111–12.

The Senate Report says unmistakably that the amendment "reaffirms and reflects more clearly" the original intent of Congress; in other words that its purpose was to clarify the law. (Emphasis added.)

The enforcement provision of the Veterans Reemployment Rights Act, 38 U.S.C. § 2022, provides:

If any employer, who is a private employer or a State or political subdivision thereof, fails or refuses to comply with the provisions of section 2021(a)(b)(1), or (b)(3), or section 2024, *the district court* of the United States for any district in which such private employer maintains a place of business, or in which such State or political subdivision thereof exercises authority or carries out its functions, *shall have the power*, upon the filing of a motion, petition, or other appropriate pleading by the person entitled to the benefits of such provisions, specifically to require such employer to comply with such provisions and *to compensate such person for any loss of wages or benefits suffered by reason of such employer's unlawful action.* Any such compensation shall be in addition to and shall not be deemed to diminish any of the benefits provided for in such provisions. The court shall order speedy hearing in any such case and shall advance it on the calendar. Upon application to the United States attorney or comparable official for any district in which such private employer maintains a place of business, or in which such State or political subdivision thereof exercises authority or carries out its functions, by any person claiming to be entitled to the benefits provided for in such provisions, such United States attorney or official, if reasonably satisfied that the person so applying is entitled to such benefits, shall appear and act as attorney for such person in the amicable adjustment of the claim or in the filing of any motion, petition, or other appropriate pleading and the prosecution thereof specifically to require such employer to comply with such provisions. No fees or court costs shall be taxed against any person who may apply for such benefits. In any such action only the employer shall be deemed a necessary party respondent. No State statute of limitations shall apply to any proceedings under this chapter. (Emphasis added.)

The Tenth Circuit stated in *Pearson v. Western Electric Co.*, 542 F.2d 1150, 1152 (10th Cir. 1976), that "[t]he back pay award provided as relief in Title VII [of the Civil Rights Act of 1964] is not punitive in nature but equitable, intended to restore the recipients to their rightful economic status." The court is of the view that section 2022 of the Veterans Reemployment Rights Act, giving the district court the power to compensate a veteran for any loss of wages suffered by reason of an employer's unlawful action, is more closely analogous to the discretionary nature of the award of back pay under Title VII than to the mandatory relief of damages under the 1968 Civil Rights Act's Title VIII fair housing provisions, which were held to require a jury trial upon demand in *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). As previously discussed, a claim for back pay under the Veterans Reemployment Rights Act has been held to be equitable in nature. *Hirschberg v. Braniff Airways, Inc.*, 404 F.Supp. 869, 872 (E.D.N.Y. 1975); *Ufland v. Buffalo Courier Express*, 394 F.Supp. 199, 200–01 (W.D.N.Y.1974). The court accordingly concludes that plaintiff's claim is equitable in nature and therefore triable to the court. Plaintiff's motion to have this case set for nonjury trial is granted. The clerk is directed to strike this case from the jury docket of October 18, 1977, and set it on the nonjury docket on the same date. The pretrial order is deemed to be amended to reflect this change.