Charles W. COX, Plaintiff,

v.

CITY OF KANSAS CITY, MISSOURI,
Defendant.

No. 77–0148–CV–W–3.

United States District Court,
W. D. Missouri, W. D.

Oct. 12, 1977.

Richard H. Zehring, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Dan G. Jackson, III, Asst. City Atty., Kansas City, Mo., for defendant.

## ORDER DENYING DEFENDANT'S DEMAND FOR TRIAL BY JURY

CLARK, District Judge.

The plaintiff sued for restoration of lost seniority status and back pay resulting from defendant's alleged violations of the provisions of Title IV of the Vietnam Era Veterans' Readjustment Assistance Act of 1974, 38 U.S.C. §§ 2021–26. On August 12, 1977 the defendant filed a demand for trial by jury which plaintiff opposes. The court finds for the reasons expressed below that this action is not triable before a jury.

Rule 38 of the Federal Rules of Civil Procedure provides that the right of trial by jury as declared by the 7th Amendment is preserved. The Seventh Amendment guarantees a jury trial "in Suits at common law, where the value in controversy shall exceed twenty dollars". "Common law" has not been interpreted to mean all suits recognized at common law, but only those suits wherein legal rights were to be ascertained in contradistinction to those where equitable rights were recognized. *Curtis v. Loether,* 415 U.S. 189, 193, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974) quoting Justice Story in *Parsons v. Bedford,* 3 Pet. (28 U.S.) 433, 446–47, 7 L.Ed. 732 (1830); *Kennedy v. Lakso,* 414 F.2d 1249, 1251 (3d Cir. 1969). The issue then becomes whether a request for restoration of seniority status, and back pay under the Vietnam Era Veterans' Readjustment Assistance Act of 1974 is an equitable or legal remedy.

Under Title VII discrimination actions, the Courts have uniformly characterized back pay as an integral part of the equitable remedy of restitution. Merely because monetary relief is sought does not necessarily mean that a legal rather than an equitable claim is involved. *Curtis v. Loether,* supra; *Morelock v. NCR Corp.,* 546 F.2d 682 (6th Cir. 1976); *Pearson v. Western Electric Company,* 542 F.2d 1150 (10th Cir. 1976). Likewise it appears that any monetary recovery for back pay under the Veterans' Readjustment Assistance Act would be a basic part of the equitable claim for reinstatement.

Further support for classifying this action as an equitable one not triable by jury is found in those cases holding that actions brought under the Veterans' Readjustment Act are equitable in nature and governed by the doctrine of laches rather than the statute of limitations applicable to legal claims. *Scott v. Atchison, Topeka, and Santa Fe RR,* 78 L.C. ¶ 11,291 (C.D.Calif.1976); *Barrett v. Grand Trunk Western R. R. Co.,* 76 L.C. ¶ 10,860 (N.D.Ill.1975). In considering this statute of limitations issue the District Court in *Ufland v. Buffalo Courier Express, Inc.,* 394 F.Supp. 199, 201, (W.D.N. Y.1974) stated:

> Whether the veteran's claim is for reinstatement and back pay, restitution of seniority rights or wage rate adjustments does not alter the basically equitable nature of the rights asserted. The claim for back wages in this case is, therefore, a derivative of plaintiff's rights of reinstatement and restoration to his former seniority, status and pay under the Act, rather than a claim at law for damages.

Because the courts had been divided on the issue of whether the doctrine of laches should apply, the act was amended in 1974 to provide that "No state statute of limitations shall be applied." Senate Report 2784 in discussing the reasons for the amendment determined that it would more clearly reflect congressional intent that legal proceedings under the section be governed by equitable and not legal principles. Sen. Rep.No. 93–907, 93d Cong. 2d Sess. (June 10, 1974).

This Court's decision that the case is not triable by a jury is supported by a decision of the District Court for the Eastern District of Oklahoma in *Mowdy v. Ada Bd. of Ed.* filed on September 27, 1977 in which an action under the Act was set for nonjury trial. For these reasons the Court

ORDERS that defendant's demand for jury trial is denied.