**MINNEAPOLIS, NORTHFIELD AND SOUTHERN RAILWAY, Plaintiff,**

**v.**

**UNITED TRANSPORTATION UNION, United Transportation Union Local 650, John A. Brandt, Willard L. Swenson, Ralph R. Hancock and Wendell N. Skare, Defendants.**

Civ. No. 4–79–648.

United States District Court,
D. Minnesota,
Fourth Division.

May 23, 1980.

Steven R. Anderson, Faegre & Benson, Minneapolis, Minn., for plaintiff.

Patrick J. Foley, DeParcq, Anderson, Perl, Hunegs & Rudquist, Minneapolis, Minn., for defendants United Transp. Union & United Transp. Union Local 650.

Mary L. Egan, Asst. U. S. Atty., Minneapolis, Minn., for defendant John A. Brandt.

No appearances by or on behalf of defendants Willard L. Swenson, Ralph R. Hancock or Wendell N. Skare.

## MEMORANDUM OPINION AND ORDER FOR DISMISSAL

DIANA E. MURPHY, District Judge.

This is a declaratory judgment action brought by Minneapolis, Northfield and Southern Railway (hereinafter the Railway)

to determine and declare the relative seniority rights of defendants Brandt, Swenson, Hancock, and Skare, four of its engineer employees, under a collective bargaining agreement between the Railway and defendants United Transportation Union and United Transportation Union Local 650 (hereinafter the Unions) and under the Viet Nam Era Veterans' Readjustment Assistance Act of 1974, 38 U.S.C. § 2021, *et seq.* (hereinafter Veterans' Act). In a related prior action, defendant John A. Brandt has sued the Railway under the Veterans' Act seeking to restore lost seniority status and lost benefits (Civil No. 4–79–536). Jurisdiction here is alleged under the Veterans' Act and under the Railway Labor Act, 45 U.S.C. § 151, *et seq.* (hereinafter Railway Act). In this action, the Railway seeks to require its four employees and the Unions to interplead any claims they may have against the Railway under the Veterans' Act and the collective bargaining agreement and to settle among themselves the respective seniority rights of the employees. The Unions have moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and defendant Brandt has moved for judgment on the pleadings on the same jurisdictional ground pursuant to Rule 12(c).[1]

On these motions the court must take all well pleaded allegations in the complaint as true and resolve any doubts on jurisdictional points in plaintiff's favor. *Satz v. ITT Financial Corporation*, 619 F.2d 738 (8th Cir. 1980); *Quality Mercury, Inc. v. Ford Motor Co.*, 542 F.2d 466 (8th Cir. 1976); *Miller v. Central Chinchilla Group Inc.*, 494 F.2d 414 (8th Cir. 1974).

The Railway alleges that the four employees are members of the Unions, that Brandt is an officer of Local 650, and that it and the Unions are parties to a collective bargaining agreement which defines the terms and conditions of employment, including seniority rights of the engineers, whose interests under the agreement are represented by the Unions. It further alleges that if Brandt receives the requested relief in his action against the Railway, Swenson, Hancock, and Skare may be disadvantaged because he would move ahead of them on the seniority list, that these three employees have alleged on several occasions that representatives of the Unions have failed in their duty of fair representation in connection with the opposition of Swenson, Hancock, and Skare to Brandt's efforts to have his seniority adjusted, and specifically that this allegation was made in a letter of April 19, 1978, addressed to the president of defendant United Transportation Union. The three employees have allegedly indicated on several occasions that they may attempt to hold the Railway responsible for any effects on them of an adjustment of Brandt's seniority, and specifically this concern was voiced in a letter of April 19, 1978, to the Railway's vice-president and general manager. The Railway alleges that if it were to adjust Brandt's seniority in compliance with a lawful order of this court in the related action, it would not breach any legal obligations that it may have relative to the Unions' duty of fair representation, but that the rights and responsibilities of the various parties under the agreement and under the Veterans' Act may be inconsistent.

The Railway seeks to have the court declare that any action taken by it in compliance with a lawful order of this court in Brandt's action would not violate the Railway Act and would not result in an actionable violation of the collective bargaining agreement or subject it to liability of any kind to any of the defendants herein and to require the defendants to interplead in this action all related claims under the agreement and the Veterans' Act.

The Unions and Brandt argue that the court is without subject matter jurisdiction because an employer may not bring an action under the Veterans' Act and this court does not have authority to determine seniority rights under a collective bargaining agreement other than the express power given it under the Veterans' Act.

---

1. Defendant Brandt has filed an answer; the Unions have not.

*Jurisdiction Under the Veterans' Act*

The Veterans' Act provides that persons leaving permanent jobs because of induction into the military service have a right to reemployment, and it protects their job-related benefits, including seniority status. 38 U.S.C. § 2021. The statute creates enforcement procedures by which a federal district court has the power to require an employer to comply with the Act "upon the filing of a motion, petition, or other appropriate pleading by the person entitled to the benefits" of the Act. 38 U.S.C. § 2022. "The court shall order speedy hearing in any such case and shall advance it on the calendar." *Id.* The same statutory section also provides that the United States Attorney shall represent such "person claiming to be entitled to the benefits . . . if reasonably satisfied that the person . . is entitled to such benefits. . . . In any such action only the employer shall be deemed a necessary party respondent." *Id.*

A number of other courts have had occasion to rule on the issues of who may bring an action under the Act and whether parties other than the veteran and the employer may be joined in such an action. In a case brought under a predecessor statute the employer-plaintiff's action was dismissed because the court concluded that the cause of action belongs to the veteran, and jurisdiction can only be invoked by him. *Trailmobile Co. v. International Union*, 67 F.Supp. 53 (S.D.Ohio 1946). Employer-respondents in actions commenced by veterans have been unsuccessful in attempts to join, as defendants, unions and other employees whose status might be affected, on the basis that the Act provides that only the employer is a necessary party respondent, and the absence of other parties cannot preclude a veteran from litigating his seniority status. *Muir v. United States Steel Corp.*, 41 F.R.D. 428 (E.D.Pa.1967); *Evancho v. United States Steel Corp.*, 32 F.R.D. 227 (E.D.Pa.1962). An employer-respondent was denied permission to interplead the union in a case where the union refused to change a rule affecting the veteran's seniority status; complicating the action would defeat the Act's mandate for a speedy adjudication of the veteran's rights. *Cohn v. Union Pacific Railroad Co.*, 78 Lab. Cas. (CCH) ¶ 11,305 (D.Neb.1975).

■ The language of the statute itself is clear, and this court concludes that an employer does not have a cause of action under the Veterans' Act and may not invoke federal jurisdiction under the Act. Whether or not Brandt is entitled to adjustment of the seniority list in his favor is properly before this court in the action he has commenced.

*Jurisdiction Under the Railway Act*

■ The Railway alleges jurisdiction here on the basis that defendants Swenson, Hancock, and Skare have claimed that the Unions have breached their duty of fair representation in connection with defendant Brandt's efforts to adjust his seniority status. Under the Railway Act seniority disputes and interpretation of contract clauses are matters to be brought before an adjustment board. *E. g., United Transportation Union v. Burlington Northern, Inc.*, 470 F.2d 813 (8th Cir. 1972). However, the Railway Act imposes a duty of fair representation upon a representative union, and courts have jurisdiction to provide relief when that duty is breached. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Steele v. Louisville & Nashville Railroad Co.*, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944). While this court has no jurisdiction to interpret the meaning of the terms of a collective bargaining agreement, it does have jurisdiction to hear fair representation claims brought by a group of employees against their union and their employer railroad for discriminatory performance under such an agreement. *Glover v. St. Louis-San Francisco Railway*, 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969).

■ It is not clear what the basis for a fair representation action here would be. A union breaches its duty towards a member of the unit it represents by arbitrary, discriminatory, or bad faith conduct. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Although the Railway alleges that Brandt is an officer of defendant Local

650 and that the other three employees have claimed a breach of fair representation, there are no allegations as to any conduct or acts by the Unions which might constitute such breach, and in fact, it is not alleged that the Unions have breached their duty. If the employer is in some way implicated in a union's discriminatory action, it may also be liable for damages in an action for breach of fair representation, but where there are no allegations tying the union and employer together, the employee's remedy against the employer is to proceed before the adjustment board. *Czosek v. O'Mara*, 397 U.S. 25, 90 S.Ct. 770, 25 L.Ed.2d 21 (1970). The employer is not a necessary party to a fair representation action (*id.*), but it may be joined as a defendant where it has acted in concert with the union. *Id.*; *Glover v. St. Louis-San Francisco Railway*, 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969). While the Railway alleges that the three employees have indicated they may attempt to hold it responsible for any adjustment of Brandt's seniority, there are no allegations that the Railway has joined with the Unions in any unfair activities. Brandt has a right of action under the Veterans' Act, and neither the employer nor the Unions can nor should prevent him from asserting it.

Congress has chosen in the Veterans' Act to provide veterans access to federal courts on matters that would normally be within the exclusive jurisdiction of the adjustment board pursuant to the Railway Act. The purpose of the Veterans' Act is to prevent veterans from being disadvantaged by their military service, and that act is to be liberally construed to their benefit. *Schaller v. Board of Education of Elmwood Local School District*, 449 F.Supp. 30 (N.D. Ohio 1978); *Beckley v. Lipe—Rollway Corporation*, 448 F.Supp. 563 (N.D.N.Y.1978). The Veterans' Act is a specific statute for settlement of veterans' claims and prevails over the provisions of the Railway Act and collective bargaining agreements. *Armstrong v. Baker*, 394 F.Supp. 1380 (N.D.W. Va.1975); *accord, McKinney v. Missouri—Kansas—Texas Railroad Co.*, 240 F.2d 8 (10th Cir. 1956), *aff'd*, 357 U.S. 265, 78 S.Ct. 1222, 2 L.Ed.2d 1305 (1958).

The Supreme Court has recognized the right of a veteran to sue directly under a predecessor statute to the Veterans' Act, even though the Railway Act normally requires an employee seeking relief to use the grievance procedure in the collective bargaining agreement or before the National Railroad Adjustment Board, noting that such a veteran is "asserting special rights bestowed upon him in furtherance of a federal policy to protect those who have served in the Armed Forces." *McKinney v. Missouri—Kansas—Texas Railway Co.*, 357 U.S. 265, 269, 78 S.Ct. 1222, 1225, 2 L.Ed.2d 1305 (1958). The court in *McKinney* observed that the statute provided for a speedy hearing of such cases and advancement on the calendar and for the assistance of the United States Attorney in bringing the action.

> [T]he statutory scheme contemplates the speedy vindication of the veteran's rights . . . . Only thus . . . would adequate protection be assured the veteran, since delay . . . might often result in . . . the defeat, for all practical purposes, of the rights Congress sought to give him. 357 U.S. at 270, 78 S.Ct. at 1225–1226.

The instant case does not involve a claim that Brandt must exhaust administrative remedies, but the Congressional policy behind the Veterans' Act would likewise be defeated by requiring the impleading of all of the claims the Railway mentions.

*McKinney* recognized that the jurisdiction given to the federal courts to hear veterans' claims is unique and separate from the grievance procedures set by Congress in the Railway Act or by a collective bargaining agreement. Although this court has jurisdiction to hear Brandt's claim, it does not have jurisdiction to determine the seniority rights of Swenson, Hancock, and Skare.

Any claim that Swenson, Hancock and Skare might have for breach of the duty of fair representation is not justiciable on this record. No allegations have been made of

any breach of that duty, only that the three have made statements claiming a breach. The three employers have not appeared in this action, nor have they instituted an action. Until Brandt's action is disposed of, it will not be known whether or not they will in fact be disadvantaged. Furthermore, compliance with a lawful court order in an action pursuant to the Veterans' Act could not in itself constitute actionable discrimination.

■ Procedures are available under the Railway Act for the three employees and the Unions to bring grievances, but this court has no jurisdiction to consider such grievances or to determine seniority rights other than for a veteran pursuant to the Veterans' Act. A court order affecting Brandt's seniority status would not prevent the Unions from presenting grievances on behalf of the other three employees. *Gruca v. United States Steel Corporation*, 360 F.Supp. 38 (E.D.Pa.1973), *rev'd on other grounds*, 495 F.2d 1252 (3d Cir. 1974).

This court has no jurisdiction to determine and declare the relative seniority rights of the employees, and at the present time, there is no justiciable controversy presented by the Railway's allegations that the three employees have claimed a breach of the duty of fair representation. Jurisdiction is not present here under either the Veterans' Act or the Railway Act.

### ORDER

Accordingly, upon all the records, files, and proceedings herein,

IT IS HEREBY ORDERED that the motions of defendants United Transportation Union and United Transportation Union Local 650 to dismiss and of defendant John Brandt for judgment on the pleadings and dismissal of the action are granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.