Talmedge L. STEWART, Plaintiff,

v.

UNITED STATES STEEL CORPORA-TION, et al., Defendants.

Cause No. H 78–255.

United States District Court,
N.D. Indiana,
Hammond Division.

July 17, 1984.

Janet Graney, U.S. Dept. of Labor, Chicago, Ill., William H. Berger, Dennis K. Kade, Washington, D.C., for plaintiff.

James T. Carney, Pittsburgh, Pa., Charles A. Myers, Hammond, Ind., for defendant U.S. Steel Corp.

Albert C. Hand, Highland, Ind., for defendant United Steelworkers of America, Local 1066.

## ORDER

KANNE, District Judge.

An examination of the file in this case indicates that the following motions are pending:

1) Defendant United States Steel Corporation's Motion to Dismiss, or, in the Alternative, for Summary Judgment;

2) Plaintiff's Motion to Strike Defendant's "Complaint for Interpleader and Declaratory Relief in the Nature of a Cross-Claim";

3) Plaintiff's Motion for Partial Summary Judgment; and

4) Plaintiff's Motion to Strike the Defendant's Letter of February 3, 1981.

Before taking up the issues presented by each motion the court will briefly summarize the factual allegations of plaintiff's complaint which was filed on June 13, 1978.

Prior to being inducted into the military service in December of 1968, plaintiff had been employed by the defendant United States Steel Corporation (hereinafter U.S. Steel) as, initially, a millwright helper and, later, as a mechanical repairman. Upon his return from military service, in September of 1970, plaintiff applied to be, and was, reinstated by U.S. Steel. Plaintiff was rehired as a mechanical repairman, Job Class 10; the same position he had held prior to military duty. About a year after plaintiff's return, U.S. Steel and Local 1066 of the United Steel Workers of America agreed to upgrade millwright helpers and mechanical repairmen with 24 months "work experience" to the position of motor inspector and millwright. Because of the time plaintiff had spent serving in the armed forces he did not have the required 24 months "work experience" and was not promoted.[1] Plaintiff's complaint, brought pursuant to the Veterans Reemployment Rights Act, 38 U.S.C. § 2021 *et seq.*, prays that the court enter a declaratory judgment establishing that his seniority as a millwright runs from September 19, 1971, and that he be awarded back pay and any other benefits to which he would have become entitled had he been promoted.

On August 11, 1978, defendant U.S. Steel filed a Motion for Leave to Join and Interplead Under FED.R.CIV.P. 22. U.S. Steel sought to join the additional defendants United Steelworkers of America and Local 1066 of that union. On August 14, 1978, the late Judge Phil M. McNagny granted U.S. Steel's motion and on August 18, 1978, the clerk of the court filed U.S. Steel's Complaint for Interpleader and Declaratory Relief in the Nature of a Cross-Claim by

---

1. Paragraph (k) of plaintiff's complaint states: Had plaintiff remained in defendant's employ as a millwright helper or mechanical repairman instead of entering and serving in the Armed Forces he would have had more than twenty-four (24) months of such experience on September 19, 1971, and would have been upgraded to the position of millwright at that time.

which U.S. Steel sought to have the international and local union included in any relief that might be awarded plaintiff.

On August 22, 1978, plaintiff filed a motion to strike U.S. Steel's contending that Rule 22 interpleader is not proper in this situation because U.S. Steel does not have a claim against the plaintiff. *See: Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 705 n. 2, 92 S.Ct. 1344, 1349 n. 2, 31 L.Ed.2d 612 (1972).

In its motion to dismiss, which the court will treat as a motion for summary judgment pursuant to Rule 12(b),[2] U.S. Steel contends that plaintiff has failed to state a claim because 1) part of plaintiff's claim is subject to Indiana's six year statute of limitations for contracts not in writing, 2) part of plaintiff's claim is subject to laches, 3) it is not reasonably certain that the plaintiff would have become a millwright in September of 1971, had it not been for his military service, and 4) that U.S. Steel has fulfilled its obligations to the plaintiff under the Veterans Reemployment Rights Act.

U.S. Steel characterizes plaintiff's request for back pay as a claim for money damages. Thus, U.S. Steel argues, in that respect plaintiff's claim is subject to the Indiana statute of limitations for unwritten contracts. Plaintiff's response is twofold. First, plaintiff cites authority to the effect that an action brought under the Veterans Reemployment Rights Act is basically equitable in nature and that any back pay awarded is ancillary to any equitable relief granted plaintiff. *See: Ufland v. Buffalo Courier Express, Inc.*, 394 F.Supp. 199 (W.D.N.Y.1974); *Mowdy v. ADA Board of Education*, 76 F.R.D. 436 (E.D.Okla.1977); *Cox v. City of Kansas City, Missouri*, 76 F.R.D. 459 (W.D.Mo.1977). Second, plaintiff points out that the Veterans Act has

been amended to provide that "[N]o state statute of limitations shall apply to any proceedings under this chapter." 38 U.S.C. § 2022. The plaintiff further points out that the amendment has been held, by a majority of the district courts which have considered the question, to apply retroactively to claims which arose prior to the date the amendment went into effect (December 3, 1974). *Letson v. Liberty Mutual Insurance Company*, 523 F.Supp. 1221, 1224–25 (N.D.Ga.1981), and cases cited therein.

The court's research has found two Third Circuit cases, *Gruca v. United States Steel Corporation*, 495 F.2d 1252 (3rd Cir.1974) and *Churma v. United States Steel Corporation*, 514 F.2d 589 (3rd Cir.1975), which support U.S. Steel's view of the nature of plaintiff's claim. In *Gruca*, 495 F.2d at 1256, the court concluded that a veteran filing suit under the Veterans Act could seek legal or equitable relief or both. The Third Circuit bases this conclusion on the language of the statute which provides that the court shall have the power to require an employer to comply with certain provisions of the act *and* "to compensate such person for any loss of wages or benefits suffered by reason of such employer's unlawful action." 38 U.S.C. § 2022.

■ Notwithstanding the conclusion reached by the Third Circuit, this court believes that the better view of the nature of a veteran's claim under the Act was stated by the district court in *Ufland* when it remarked:

Whether the veteran's claim is for reinstatement and back pay, restitution of seniority rights or wage rate adjustments does not alter the basically equitable nature of the rights asserted. The claim for back wages in this case is, therefore, a derivative of plaintiff's right

---

2. Since U.S. Steel's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the FED.R.CIV.P., is supported by affidavits the motion should be treated as a motion for summary judgment. Rule 12(b) of the FED.R.CIV.P., provides, in part, that:

If, on a motion asserting the defense numbered (b) to dismiss for failure of the pleading

to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

of reinstatement and restoration to his former seniority, status and pay under the Act, rather than a claim at law for damages.

*Ufland*, 394 F.Supp. at 460.[3]

■ Furthermore, the court is in agreement with those courts which have held that the 1974 amendment applies retroactively to claims which arose prior to the effective date of the amendment.

For both of the above stated reasons the court finds that the defendant's motion for summary judgment on the grounds that plaintiff's action was not brought within the applicable state statute of limitations should be denied.

■ Defendant also moves for summary judgment on the grounds of laches. In order to support a defense of laches, there must be a showing of both a lack of diligence by the party against whom the defense is asserted and prejudice to the defending party. *Costello v. United States*, 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961). Here, defendant claims that plaintiff was not diligent because the present cause of action was not filed until June 13, 1978, a delay of over five years from February 10, 1973, the date the cause of action accrued.

■ However, upon examining the record, this court finds that plaintiff was diligent in pursuing this action. Plaintiff first complained to the Department of Labor on June 9, 1974. The Department of Labor investigated the plaintiff's claim and notified the defendant of the Department's ongoing investigation. Moreover, prior to complaining to the Department of Labor, plaintiff sought the assistance of his union grievanceman but was denied assistance because of an existing labor agreement.

■ Defendant also claims that records necessary to its management discretion defense were destroyed because of plaintiff's delay. However, defendant has not necessarily proven the suggested connection. Defendant merely alleges that the records

were destroyed sometime during the period 1971–1978 without showing the reasons for or the circumstances surrounding their destruction. Moreover, defendant was notified by the Department of Labor of plaintiff's claim in June 1974, and should have made some effort to secure the records at that time. Therefore, for reasons this court is unwilling to attribute the loss of the records to plaintiff's delay in filing suit.

Based on the above, the court finds that the elements of a laches defense are not present. Accordingly, defendant's motion for summary judgment on the grounds of laches should be denied.

Defendant also moves for summary judgment arguing that it is not reasonably certain that plaintiff would have become a millwright in September of 1971 absent plaintiff's military service, and further that defendant has fulfilled its obligations to the plaintiff as required by the Veterans Act.

■ Case law in this area indicates that if a promotion is a seniority right the Veterans Act applies to accord the veteran the promotion. *McKinney v. Missouri-Kansas-Texas Railroad Co.*, 357 U.S. 265, 272, 78 S.Ct. 1222, 1226, 2 L.Ed.2d 1305 (1958); *Goggin v. Lincoln St. Louis*, 702 F.2d 698, 701 (8th Cir.1983); *Almond v. U.S. Steel Corp.*, 499 F.Supp. 786, 789 (E.D.Pa.1980). However, if the promotion is at least partially dependent on the employer's discretion, the Act does not allow the veteran an automatic promotion. *Id.* Therefore, the crucial issue in this case is whether the promotions to the job of millwright in September of 1971 were based upon a seniority right or whether there was discretion on behalf of U.S. Steel in determining who would be promoted.

The record contains conflicting affidavits. Frank T. Staudohar, Superintendent of Labor Relations at U.S. Steel, Gary Works, in his affidavit of August 10, 1978, stated:

**3.** Cf. *Grayson v. Wickes Corp.*, 607 F.2d 1194, 1196 (7th Cir.1979), (Back pay an integral part

of equitable remedy of reinstatement under Title VII).

5) The individuals afforded this opportunity were specifically selected and approved by defendant's management officials.

6) In selecting individuals for coverage under this agreement, defendant used a general requirement of 24 months actual work experience in one of the affected positions although at least one individual in this list did not have that much experience in the Gary Works facility whereas certain individuals not selected for upgrading did have more than 24 months of actual work experience on the affected positions.

7) Stewart was not selected for this upgrading opportunity because he had only twelve months of actual experience as a mechanical repairman.

Talmedge L. Stewart, plaintiff, in his affidavit of October 19, 1980, stated:

8) Subsequently, while I was laid off in September of 1971, the defendant upgraded all or virtually all employees holding the positions of millwright helper and mechanical repairman to the position of millwright, Job Class 12.

■ As is evidenced by the preceding statements, there is a dispute over whether the promotions to millwright in September of 1971, were based on seniority (as Stewart suggest) or if the promotions were subject to the discretion of U.S. Steel (as Staudohar suggests). Therefore, since there is a genuine issue as to this material fact summary judgment is inappropriate.

■ The court finds that plaintiff's motion to strike defendant's complaint for interpleader and declaratory relief in the nature of a cross-claim must be granted because of the language of 38 U.S.C. § 2022 provides that in any action brought under the Veteran's Reemployment Rights Act, "only the employer shall be deemed a necessary party respondent." *See: Minneapolis, Northfield and Southern Railway v. United Transportation Union et al,* 490 F.Supp. 335, 338 (D.Minn.1980). There the court stated:

Employer-respondents in actions commenced by veterans have been unsuccessful in attempts to join, as defendants, unions and other employees whose status might be affected, on the basis that the Act provides that only the employer is a necessary party respondent, and the absence of other parties cannot preclude a veteran from litigating his seniority status. *Id.*

*See also Bunnell v. New England Teamsters,* 486 F.Supp. 714, 720 (D.Mass.1980), *aff'd. on other grounds,* 655 F.2d 451 (1st Cir.1981) *cert. denied,* 455 U.S. 908, 102 S.Ct. 1253, 71 L.Ed.2d 446 (1982).

With regard to plaintiff's motion for partial summary judgment the court finds that this issue has been addressed under defendant's motion to dismiss or in the alternative for summary judgment. The court has previously found a genuine issue as to a material fact in that there is a dispute as to whether the promotions to millwright were based on seniority or were subject to management discretion. Based on the foregoing analysis the court finds that the plaintiff's motion for partial summary judgment should be denied.

■ The last issue to be addressed by the court is plaintiff's motion to strike defendant's letter of February 3, 1981. The court would note that the letter appears to be in the form of a supplemental brief with a copy being supplied to opposing counsel. Inasmuch as the letter is not a part of the record it cannot be stricken. The court will, however, disregard the letter in its entirety as an unauthorized supplemental brief. Therefore, the court finds that the plaintiff motion to strike defendant's letter of February 3, 1981, should be denied.

IT IS THEREFORE ORDERED that:

1. Defendant United States Steel Corporation's Motion to dismiss, or, in the Alternative, for Summary Judgment is DENIED;

2. Plaintiff's Motion to Strike Defendant's "Complaint for Interpleader and Declaratory Relief in the Nature of a Cross-Claim" is GRANTED;

3. Plaintiff's Motion for Partial Summary Judgment is DENIED; and

4. Plaintiff's Motion to Strike the Defendant's Letter of February 3, 1981, is DENIED.